THE APPEAL TAX COURT OF BALTIMORE CITY *vs.*
THE GRAND LODGE OF ANCIENT FREE AND AC-
CEPTED MASONS OF MARYLAND. SAME *vs.* THE
GRAND LODGE OF THE GERMAN ORDER OF HARU-
GARI. SAME *vs.* THE BALTIMORE GENERAL DIS-
PENSARY. SAME *vs.* THE CENTENARY INSTITUTE
OF THE METHODIST EPISCOPAL CHURCH OF BALTI-
MORE.

*Relinquishment of the Power of Taxation—When Exemption a
Gratuity, revocable by the Legislature—Application of the
Principle of Capitalization—Exemption of Charitable or
Benevolent Institutions from Taxation under the Act of
1876, ch. 260.*

It is competent for the Legislature in special cases, to relinquish the
power of taxation. In all such cases, however, a consideration of
some kind is essential to the validity of the contract. If there be
no consideration, the exemption is a mere gratuity revocable at the
pleasure of the Legislature.

In the case of the Grand Lodge of A. F. & A. M. of Md., it was ad-
mitted, that the lower stories of the Masonic Temple are not used
by the appellee, a benevolent and charitable institution, but that
they are rented for various purposes, and yield a profit to the
appellee. HELD:

That the said building was subject to taxation under the Act of 1876,
ch. 260, to the extent of the value of the rental thus received; and
that this is a case for the application of the principle of capitali-
zation.

The upper stories of Harugari Hall, belonging to the appellee, the
Grand Lodge of the G. O. of H., are used exclusively for the meet-
ings of the several lodges, the subordinates of the Grand Lodge, the
lower story is rented as a restaurant, the proceeds derived from
which are used for the beneficial purposes of the Order. HELD:

That the said building was liable to assessment under the Act of
1876, ch. 260, to the extent of the value of the rental received by
the appellee.

It being averred and admitted, in proceedings under the Act of 1876, ch. 260, sec. 28, that a building belonging to the appellee, the Baltimore General Dispensary, covers entirely the lot on which it is located, and that it is used exclusively for the purposes of the Dispensary, the property was exempt from taxation under said Act.

It being inferred, that property belonging to the appellee, the Baltimore General Dispensary, consisting of a lot and buildings thereon, is an investment, the income from which is applied to the purposes of the Dispensary, the same and the stocks and public securities held by the appellee were subject to valuation and assessment under the Act of 1876, ch. 260; except the Maryland State stock held by the appellee, in case it be of an issue exempted from taxation by the State.

The Centenary Biblical Institute of the Methodist Episcopal Church of Baltimore, chartered for the purpose of educating and preparing indigent young colored men for the ministry, no charge being made for room rent, books or tuition, and the funds necessary to support the institution being derived entirely from donations by individuals and the conferences of the Church, is a benevolent and charitable institution within the meaning of the Act of 1876, ch. 260, and the lot and improvements thereon, belonging to it, used exclusively for the purposes of its incorporation, were exempt from assessment under that Act.

APPEALS from the Baltimore City Court.

These appeals were taken from orders, passed by the Court below, on the 23rd–25th May, 1878, in proceedings severally instituted by the appellees, under the Act of 1876, ch. 260, sec. 28, whereby the Appeal Tax Court was directed to strike from the list of property valued and assessed to the appellees respectively, certain property belonging to them, as not subject to taxation; from which several orders the Appeal Tax Court appealed. The cases are further stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J., by the *State's Attorney for Baltimore City,* and submitted by the *Attorney General,*

for the appellant; and the first and second named cases were argued, and the third submitted for the appellees; no brief was filed for the appellee in the fourth case.

*A. Leo Knott*, *State's Attorney for Baltimore City*, and *Charles J. M. Gwinn*, *Attorney General*, for the appellant.

*As to the Grand Lodge of Ancient Free and Accepted Masons of Maryland.*

The exemption granted to this appellee by the Act of 1867, ch. 23, was a privileged gratuity which the Legislature had a right to revoke, and which it did absolutely revoke by the second section of the Act of 1876, ch. 260. *Rector, etc. of Christ Church vs. County of Phila.,* 24 *Howard,* 302; *Tucker vs. Ferguson,* 22 *Wallace,* 527; *West Wisconsin R. R. Co. vs. Supervisors,* 93 *U. S.,* 597, 598.

The appellee, after the enactment of the Act of 1876, ch. 260, sec, 2, could not claim that any portion of the Masonic Temple was exempted from taxation, except such part as was used for the benefit of the indigent and afflicted. *Trustees of the Good Shepherd vs. Boston,* 120 *Mass.,* 212; *County Commissioners vs. Sisters of St. Joseph,* 48 *Md.,* 34.

The petition in this case admitted that the appellee derived income from the lower portions of the Masonic Temple. It did not set forth, as it ought to have done, the amount of this income, or supply any data from which the taxable value of the portions of the building used for earning revenue could be computed; nor did it show, as it ought to have done, what portions of the building were used exclusively for charitable purposes. *Pacific Mail S. S. Co. vs. Comm'rs of Taxes,* 64 *N. Y.,* 541. But inasmuch as it clearly discloses that a part of the building was liable to taxation, the order of the Court below directing the whole property to be stricken from the list of property valued to the appellee must be reversed.

*As to the Grand Lodge of the German Order of Harugari.*

In this case it appears, by the petition of the appellee, that the lower floor of the building owned by it is rented as a restaurant for one thousand dollars a year. This appellee cannot claim any exemption from taxation of the portions of its building which are thus rented. The order of the Court below, directing all the property valued to the appellee to be stricken from the tax lists, must, therefore, be reversed. This petition ought not to have been entertained, because it did not show upon its face, as it ought to have done, to give Baltimore City Court jurisdiction, that it was filed within thirty days after the return made by the Board of Control and Review to the Appeal Tax Court of Baltimore City. 1876, *ch.* 260, *sec.* 28; *Walker vs. Turner,* 9 *Wheat.,* 548; 1 *Gill,* 372; 6 *G. & J.,* 345; 20 *Md.,* 277; *Governor's Message, January Session,* 1878, *page* 9.

*As to the Baltimore General Dispensary.*

This appellee, under the Act of 1876, ch. 260, sec. 2, can claim exemption from taxation only upon the property designated in its petition as lot and building No. 29 Liberty Street. The lot and improvements designated as lot No. 30, north-east corner of Liberty and Fayette Streets, and all the securities owned by the appellee, were subject to valuation and assessment, under the Act of 1876, ch. 260, and were properly valued to the appellee, unless the Maryland State Stock, so valued, was an issue exempted from taxation by this State. Such exemption cannot, however, be assumed to exist, because only certain issues of our State Stock are thus exempted; and no averment is made that this particular stock was exempted. If the appellee is entitled to any relief as to this particular stock, it can be obtained by application to the Appeal Tax Court, under the Act of 1878, ch. 178, sec. 150.

*As to the Centenary Biblical Institute of the Methodist Episcopal Church of Baltimore.*

The petition in this case, while averring that the colored persons prepared for the ministry by the appellee are not charged anything for room-rent, books or tuition, does not aver that charges are not made for the subsistence of those who are received into the institution; nor does the petition affirmatively show, as it ought to have done, that the property for which exemption was claimed was wholly used for the benefit of the indigent. The absence of these averments would seem to make it necessary to reverse the order of the Court below, passed in this case.

The petition in this case did not show upon its face that it was filed within thirty days after the return made by the Board of Control and Review to the Appeal Tax Court. (See authorities cited on page 424, *ante.*) Neither the Court nor the counsel for the State have power to waive the statutory limit of time prescribed for the filing of such petition.

*John M. Carter,* for the appellee, *the Grand Lodge of Ancient, Free and Accepted Masons of Maryland.*

The exemption from taxation under the Act of 1867, ch. 23, was not a mere gratuity which the Legislature could revoke at pleasure; nor was it a part of the charter (1821, ch. 147,) of this appellee. The Act of 1867 constituted a contract between the State and the corporation, and especially the stockholders who should subscribe to the stock issued to aid in building the Masonic Temple. It was a promise to the corporation that if it would complete the building, and to subscribers that if they would make subscriptions and aid in the enterprise, the State would exempt the property from the burden of taxation so long as the Grand Lodge continued in the possession and use of the property, for the purposes set forth in its act of incorporation. Upon the faith of that contract the subscriptions to stock were made, and the temple was

426 MARYLAND REPORTS.

Appeal Tax Court of Balt. City *vs.* Grand Lodge of F. & A. M., *et al.*

completed, and has ever since been dedicated to the uses and purposes set forth in the appellee's charter, thus fulfilling the condition upon which the exemption was granted, and putting it out of the power of the State to impose taxes while the property is so used. *Home of the Friendless vs. Rouse,* 8 *Wallace,* 430.

Nor does the fact that the lower floor of the building is rented to tenants as a source of revenue, to be used in promoting the benevolent purposes of the appellee, subject that portion of the building to taxation. The exemption contained in the Act of 1867 applies to the *entire* buildings situated upon the lot in question. The temple was then in existence and was exempted *eo nomine,* together with the stock subscribed to for the purpose of aiding in its construction.

The 3rd section of the Act of 1878, repealing the 2nd section of the Act of 1876, before the completion of the assessments wherein appeals were pending, left no law in force providing for the assessment of the appellee's property at the time the Court below was called upon to determine it to be subject to assessment and taxation. *Cooley on Taxation,* 14; *and cases therein cited; Dwarris on Statutes,* (9 *Law Library,* 676,) *Potter's Ed.,* 160; *Key vs. Goodwin,* 4 *Moore & Payne,* 341; *United States vs. Schooner Peggy,* 1 *Cranch,* 37; *Fenellon's Petition,* 7 *Penn.,* 173; *Van Inwagen vs. City of Chicago,* 61 *Ill.,* 31; *McQuilkin vs. Doe,* 8 *Blackford,* 581; *State, use of M. & C. C. Balt. vs. Norwood,* 12 *Md.,* 195; *Keller vs. The State,* 12 *Md,* 325; *Day vs. Day,* 22 *Md.,* 539; *Price vs. Nesbitt,* 29 *Md.,* 263; *Wade, &c. vs. St. Mary's Industrial School,* 43 *Md.,* 180; *Smith vs. The State,* 45 *Md.,* 49.

*Richard Hamilton,* for the appellee, *The Grand Lodge of the German Order of Harugari.*

The property of this appellee was wrongfully assessed, inasmuch as it was expressly exempt by the second section of the Act of 1876, ch. 260.

As to the claim that the petition was filed too late, this appellee contends that the point was not made below, and that the Act of 1876, ch. 260, contemplated more than the notice given by the return to the Appeal Tax Court. It contemplated actual notice upon the appellee, either by the service of the tax bill, or some written notice of the fact, that the property had been returned to the Appeal Tax Court as assessed.

*E. Calvin Williams,* for the appellee, *The Baltimore General Dispensary.*

The property of this appellee, being only used for the benefit of the indigent and afflicted, is exempted by the Act of 1876, ch. 260, sec. 2. All the property valued and assessed being necessary equipments for carrying on the objects of the dispensary, every dollar of the income being used solely and entirely in dispensing medicine and medical attention to the indigent and afflicted of the City of Baltimore and State of Maryland. The property valued and assessed for taxation, and designated as lot No. 29, on the south side of Liberty street, with the improvements thereon, is exempt by the language of the Act of 1876, ch. 260, sec. 2, as well as by the Act of 1878, ch. 413, as this lot and the improvements are used exclusively and only for the purposes of the said Dispensary ; and the building covers the entire lot.

ROBINSON, J., delivered the opinion of the Court.

The Grand Lodge of Ancient Free and Accepted Masons of Maryland, was incorporated in 1821, as a benevolent and charitable institution; and was authorized to hold real and personal property to an amount, not exceeding twenty thousand dollars in annual value.

By the Act of 1867, ch. 23, the ground and building belonging to the appellee in Baltimore City, known as

428 MARYLAND REPORTS.

Appeal Tax Court of Balt. City *vs.* Grand Lodge of F. & A. M., *et al.*

" *The Masonic Temple,*" and the stock issued by the corporation for the erection of the building, were both exempted from taxation so long as the building should be used for the purposes for which the appellee was chartered. It is now contended, that the exemption thus granted, is in the nature of a *contract* between the State and the corporators, and therefore *irrepealable.*

Whatever doubts may have at one time existed, it seems now to be settled that it is competent for the Legislature, in *special cases,* to relinquish the power of taxation. In all such cases, however, a consideration of some kind is essential to the validity of the contract. If there be no consideration, the exemption is a *mere gratuity,* revocable at the pleasure of the Legislature.

Now, in this case, the exemption claimed by the appellee formed no part of *its original charter,* but was granted by a subsequent Act of the Legislature, which merely declares that certain property belonging to the corporation shall be exempt from taxation. There is no consideration expressed, nor is there anything in the Act from which one can be inferred, and the case comes, therefore, directly within the decision in *Rector, &c. of Christ Church vs. County of Philadelphia,* 24 *Howard,* 300. There, the property belonging to Christ Church Hospital was, by an Act of the Legislature, exempted from taxation, so long as the same should belong to said Hospital; and it was contended, as in this case, that the exemption thus granted was a contract, and therefore beyond the power of a subsequent Legislature to repeal. The Supreme Court, however, held it to be a mere privilege, revocable at the pleasure of the power that granted it.

In *Home of the Friendless vs. Rouse,* 8 *Wallace,* 430, the exemption formed a part of the charter of the corporation, and a majority of the Court were of opinion that the benefit resulting to the public from a charity of

that kind, was a sufficient consideration to support the contract.

But this case cannot be considered as overruling, or in any manner contravening the decision in 24 *Howard*. On the contrary, in the subsequent case of *Tucker vs. Ferguson*, 22 *Wallace*, 528, the doctrine laid down in 24 *Howard* is reviewed and affirmed, and all the Judges concurred in holding, that an exemption from taxation granted to a railroad company after its incorporation, was a mere privilege, revocable at pleasure. Mr. Justice SWAYNE, in delivering the opinion of the Court, says:

"The provision of the thirty-seventh section of the Act of 1871, exempting the lands specified from local taxation until three years from the 1st of April, 1871, which period has not elapsed, was not a contract. There was no consideration. As between individuals the stipulation would belong to the category of *nude pacts*. It has no higher character, because one of the parties was a State, the other a corporation, and it was put in the form of a statute. It was the promise of a gratuity spontaneously made which might be kept, changed or recalled at pleasure."

We are of opinion, therefore, that the exemption granted to the appellee by the Act of 1867, was a *mere privilege*, which a subsequent Legislature could revoke whenever, in their judgment, the public good required it.

Now the Act of 1876, ch. 260, exempts the property belonging to *benevolent and charitable institutions* only so far as the same is used for the benefit of the indigent and afflicted, and the ground which the buildings so used shall actually cover. If the buildings, or any portions thereof, are used for other purposes, from which such institutions derive a profit, the building, to the extent thus used, is liable to taxation, although the proceeds from such *extraneous* use may be devoted to charitable purposes. *County Commr's vs. Sisters of St. Joseph*, 48 *Md.*, 34.

It is admitted that the lower stories of "*The Masonic Temple*" are not used by the appellee, but are rented for

various purposes, thus yielding a profit to the corporation. The building is, therefore, subject to taxation to the extent of the value of the rental thus received. It is a case for the application of the principle of *capitalization,* heretofore recognized by this Court.

The order of the Court below, directing the *whole property* to be stricken from the list of property valued to the appellee, must be reversed.

> *Order reversed, and*
> *cause remanded.*

(Decided 7th February, 1879.)


The Grand Lodge of the German Order of Harugari, a benevolent and charitable society, is the owner of property, No. 72 East Baltimore street, known as *Harugari Hall.*

The upper stories of said building are used exclusively for the meetings of the several Lodges—the subordinates of the Grand Lodge. The lower story is *rented* as a *restaurant,* the proceeds derived from which are used for the beneficial purposes of the Order.

It follows from what we have said in the preceding case, the building is liable to assessment to the extent of the value of the rental received by the appellee, the order of the Court directing all the property valued to the appellee to be stricken from the tax lists must therefore be reversed.

> *Order reversed, and*
> *cause remanded.*

(Decided 7th February, 1879.)


The Baltimore General Dispensary is the owner of lot and improvements, No. 29 Liberty Street, and of lot and improvements, No. 30, at the north-east corner of Liberty and Fayette Streets, in Baltimore City, and of certain stocks and public securities.

Appeal Tax Court of Balt. City *vs.* Grand Lodge of F. & A. M., *et al.*

The petition avers, and it is admitted by the appellant, that the building upon lot No. 29 Liberty Street, covers entirely said lot, and is used exclusively for the purposes of the said Dispensary. This property is therefore exempt from taxation.

No such averment, however, is made in regard to the lot and buildings No. 30, and we must infer, therefore, that this property is an *investment*, the income from which is applied to the purposes of the Dispensary. If this be so, it follows, from what we have said in the preceding cases, that lot No. 30 and improvements thereon, and the stock and public securities, held by the appellee, are subject to valuation and assessment, unless the *Maryland State Stock* so held, be of an issue exempted from taxation by the State. If the appellee is entitled to any relief as to this particular stock, it can be obtained by application to the Appeal Tax Court.

The order of the Court directing all the property assessed to the appellee to be stricken from the tax lists, must be reversed.

*Order reversed, and*
*cause remanded.*

(Decided 7th February, 1879.)

The Centenary Biblical Institute of the Methodist Episcopal Church of Baltimore, is chartered for the purpose of educating and preparing *indigent young colored men* for the ministry in the Methodist Episcopal Church. No charge whatever is made for room rent, books or tuition, the funds necessary to support the institution being derived entirely from donations by individuals and the conferences of the Methodist Episcopal Church. Upon this state of facts, we are of opinion, that the appellee is a benevolent and charitable institution within the meaning of the Act of 1876.

The only property assessed and valued to the appellee, is a lot and improvements thereon, No. 44 Saratoga Street, and it appears that this property is used exclusively for the purposes for which the appellee was chartered.

The order of the Court directing this property to be stricken from the tax lists will therefore be affirmed.

*Order affirmed.*

(Decided 7th February, 1879.)