The Mayor and City Council of Baltimore, and Henry S. Taylor, Collector *vs.* The Grand Lodge of Ancient Free and Accepted Masons.

*Assessment of property of Benevolent Institutions, under sec. 3, of Act of 1880, ch. 122—Exemption—Article 81, section 150, of the Code—Notice.*

The 3rd section of the Act of 1880, ch. 122, declares that the 2nd section of that Act, which designates the property liable to taxation, shall not apply "to the *buildings*, equipment and furniture of hospitals, asylums, charitable or benevolent institutions, or to the grounds appurtenant thereto, in any city or incorporated town in this State, which is necessary for the respective uses thereof." Held:

That the statute only contemplates in the exemption granted, such building or parts thereof as may be reasonably necessary for the corporate purposes of the institution or association; and any building, or part of a building, devoted to other purposes and let to rent, should be taxed as other property in the State.

By section 150, of Article 81, of the Code, as enacted by the Act of 1878, ch. 178, "the County Commissioners and Appeal Tax Court are directed annually to *correct* the assessment of the property in their respective counties and the City of Baltimore, and to *alter and correct the valuation* of any property which may have been *improperly valued*, and to assess the same at its true value, and to alter and correct the account of any person whose property or any part thereof may have been omitted in the former assessment, or may have been since acquired." Held:

That because the statute does not in terms provide for notice to the owner, the Court is not authorized to conclude that no sufficient notice was in fact given, such as the law requires to render the assessment valid, nor is it justified, for that reason, to declare the statute void.

Appeal from the Circuit Court of Baltimore City.

This is an appeal from a *pro forma* order of the Circuit Court of Baltimore City, overruling the appellants' de-

murrer to the bill filed by the appellee, to restrain them from proceeding to collect the State and city taxes for 1882, upon certain rentals of the appellee, derived from portions of the "Masonic Temple."

The cause was submitted to MILLER, YELLOTT, STONE, ALVEY, and IRVING, J.

*John P. Poe,* and *Charles J. M. Gwinn, Attorney-General,* for the appellants.

*John S. Tyson* and *Albert Ritchie,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The bill in this case was filed to obtain an injunction to restrain the collection of taxes from the appellee, upon the ground, principally, that the property upon which the taxes were assessed, has been exempted from taxation by law. The question arises upon a demurrer to the bill, and its determination depends upon the proper construction of a clause in the third section of the Act of 1880, ch. 122.

The second section of the Act just referred to contains a designation of the various kinds of property liable to taxation, and concludes by declaring that "all other property of every kind, nature and description, within this State, shall be valued to the respective owners thereof, in the manner prescribed by the laws of this State, and shall be assessed and taxed as the property of such respective owners, according to such prescribed methods of valuation, except as provided in the next ensuing section."

The next ensuing section of the Act contains an enumeration of the property that shall be exempt from taxation; and, in that section, among other exemptions, it is declared, that the provisions of the second section of the

Act shall not apply "to the *buildings*, equipment and furniture of hospitals, asylums, charitable or benevolent institutions, or to the grounds appurtenant thereto, in any city or incorporated town in this State, which is necessary for the respective uses thereof." This Act of 1880, ch. 122, repealed and re-enacted with amendments sections two and three of the Act of 1878, ch. 413; and this last mentioned Act, therefore, can have no application to this case.

It is conceded that the appellee is a benevolent institution, and that it is the owner of what is known as "The Masonic Temple," a building located in the City of Baltimore. It is only the upper portion of this building that is used by the appellee for the purposes of the lodge, and the lower portion has been constructed into store rooms and halls, and as such rented out and used, and the revenue derived therefrom has been received and applied to the purposes of the association. It is upon the capitalization of such rentals that the assessment in question has been made, and not upon the whole building itself; but the rate of such capitalization does not appear.

By the Act of 1876, ch. 260, sec. 2, the buildings of charitable or benevolent institutions, so far as used for their corporate purposes, and the ground upon which such buildings stood, were exempt from taxation; and, under that exemption, and in respect to this same building, this Court held, in the case of The Appeal Tax Court against this same appellee, (50 *Md.*, 421,) that to the extent of the rentals received the appellee was liable to taxation. And we have not been able to perceive anything in the subsequent legislation to relieve the appellee from that liability.

The right of taxation is never presumed to be relinquished; and before any party can rightfully claim an exemption from the common burden, it is incumbent upon that party to show affirmatively that the exemption

claimed is authorized by law. If there be a real doubt upon the subject, that doubt must be resolved in favor of the State; and it is only where the exemption is shown to be granted in terms clear and unequivocal that the right of exemption can be maintained.

Here, the question turns upon what is contemplated by the statute in exempting the *buildings* of charitable or benevolent institutions. Does it contemplate all the buildings belonging to such institutions, however used, or only such as may be actually used by them for their corporate or associated purposes? If the latter, such buildings as may be devoted to other purposes must remain liable to assessment; and whether the buildings thus devoted to other purposes be separate and independent of the building devoted to the corporate purposes of the institution, or be inclosed within the same roof and walls of that building, can make no substantial difference. In either case, if there be an investment for revenue, independent of or beside the actual corporate use of the building, that investment is legally liable to assessment. In our opinion the statute only contemplates, in the exemption granted, such building or parts thereof as may be reasonably necessary for the corporate purposes of the institution or association; and any building or part of a building devoted to other purposes and let to rent should be taxed as other property in the State. In other words, the exemption only extends to such buildings as are reasonably required for the convenient and practical uses of the institution. This is the principle upon which the case was decided under the Act of 1876, ch. 260, (50 *Md.*, 421;) and in the slight change of phraseology employed in the subsequent statutes to extend the exemption to the ground appurtenant to the building, we do not see enough to clearly justify the conclusion that the Legislature intended to change the principle settled in the case of *The County Commissioners of Frederick Co. vs. The*

*Sisters of Charity of St. Joseph,* 48 *Md.,* 34, and which was applied in deciding the case in reference to this same property, in 50 *Md.,* 421.

This case is strictly analogous to, and falls directly within the principle of, the case of *The Proprietors of the Meeting House in Lowell vs. The City of Lowell,* 1 *Metc.,* 541, and which was quoted with approval by this Court, in deciding the case of *The County Commissioners of Frederick County vs. The Sisters of Charity of St. Joseph,* in 48 *Md.,* 41. In the case thus quoted with approval, the exemption was, by the terms of the Statute, of "all houses of religious worship, and the pews and furniture within the same." The plaintiffs were authorised to purchase a site for a meeting house, and to erect such house thereon. They erected a building, the upper story of which was divided into pews, and furnished for religious purposes, and the lower story was fitted up as stores. And such being the nature of the property, it was held, that the exemption of the statute extended only to that part of the property which was used as a place of worship, and for purposes connected therewith; and, as to the part of the building devoted to the stores, that was held liable to be taxed as other property. That case, assuming it to have been rightly decided, would seem to be quite conclusive of the present.

There is another question raised by the appellee against the validity of the assessment, and that is, that section 150 of Article 81 of the Code, as enacted by the Act of 1878, ch. 178, under which it is alleged the assessment was made, is unconstitutional, because there is no provision made therein for notice to parties whose property is directed to be assessed. By that section of the Code "The County Commissioners and Appeal Tax Court are directed annually to *correct* the assessment of the property in their respective counties and the City of Baltimore, and to *alter and correct the valuation* of any property which

may have been *improperly valued,* and to assess the same at its true value, and to alter and correct the account of any person whose property or any part thereof may have been omitted in the former assessment, or may have been since acquired." This provision of the statute invests the Appeal Tax Court, and the County Commissioners, with large and delicate powers, doubtless, and they should be exercised with great circumspection, or otherwise great abuse and injustice might result. But the bill does not charge that the assessment or corrected assessment in question was made without notice to the appellee, or that the appellee was not afforded a reasonable opportunity of being heard upon the subject. We should not presume, in the absence of allegation and proof, that the corrected assessment was illegally made. On the contrary, all fair presumptions should be indulged in support of it. Because the statute under which the corrected assessment was made by the Appeal Tax Court does not in terms provide for notice, we are not authorised to conclude that no sufficient notice was in fact given, such as the law requires to render the assessment valid, nor are we justified, for that reason, to declare the statute void.

For the reasons assigned, this Court is of opinion that the demurrer to the bill was well pleaded and should have been sustained; and the order appealed from must, therefore, be reversed and the bill dismissed with costs.

*Order reversed, and*
*bill dismissed.*

(Decided 19th June, 1883.)