The opinion of the court was delivered by
McEnery, J.
This is a mandamus proceeding to compel the canceling of assessments against relator’s property for the year 1898.
Its exemption from taxation is claimed under Art. 207 of the Constitution, relieving the capital and machinery employed in certain manufactories from the payment of taxes.
The relator was formerly engaged in the manufacture of machinery, and his property engaged in said business was exempted from taxation under the provisions of Art. 207 of the Constitution.
He sold his tools and machinery to other parties, and leased to them the lot and building. They continued the same business.
Relator claims exemption for the lot and building, because this property is still employed in the production of machinery.
It is an invariable rule that exemption laws must be construed strictly. They must be confined within the limits intended by the law-givers.
The object of the article in the Constitution is to encourage the production of certain articles mentioned in the article. The exemption was intended to induce the owners of capital and machinery to employ them in the manufacture of said articles.
The exemption was based upon the ownership or interest in the •capital, machinery and property employed in the enterprise and an interest in the products. It is addressed to manufacturers — those who would have an interest, by the investment of capital, in the products of manufacturing establishments.
The relator has no interest in the manufacture of the machinery by his tenants. He is an utter stranger to the enterprise, and has no capital invested in it. He is the lessor of the property in which the manufacture is conducted, and because it is leased for the purpose of carrying on a manufacturing establishment can not, by any possible reasoning, convert it into capital or property invested or employed in the industry conducted by his tenants.
*861 The article of the Constitution is very plain. It says: “ The capital, machinery and other property employed in the manufacture of * * * machinery shall be exempt for twenty years from taxation.” The word employment means invested as used in the article.
Under the' interpretation of the article asked by relator, every species of property not owned by the manufacturer but used about the premises or in the manufactory would be exempt. Carts and wagons employed in hauling to depots for shipment, and to bring materials to the factory, would be exempt, notwithstanding they are hired to it by other parties, who pursue a distinct and separate calling. The article does not intend to exempt these, nor does it intend to exempt the lessors of property who happen to find a tenant who is a manufacturer and uses the property in his special calling.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is now ordered that the rule granted herein be discharged at relator’s costs.