47 275
47 278

47 275
51 581

47 275
108 690

47 275
119 644

## No. 11,582.

### PATTERSON & RAY VS. THE CITY OF NEW ORLEANS.

One who prints bill heads, orders and other forms for commercial purposes on paper bought by him, and who cuts and folds the paper into shapes for such

purposes, as well as to serve for ledgers and commercial books, is not a manufacturer of stationery, entitled to exemption from taxation. Constitution, Art. 207.

APPEAL from the Fourth City Court of New Orleans. *Labatt, J.*

---

*Gurley & Mellen* for Plaintiffs, Appellees.

---

*E. A. O'Sullivan*, City Attorney, *George W. Flynn* and *Thomas R. Rozier*, Assistant City Attorneys, for Defendant, Appellant.

---

The opinion of the court was delivered by

MILLER, J. The plaintiff enjoined the collection of taxes assessed against them on merchandise and machinery, claiming the property was employed in the manufacture of stationery, and exempt from taxation. From the judgment of the lower court, sustaining the exemption claimed, the city prosecutes this appeal.

The Constitution declares that property engaged in the manufactories of certain classes shall not be taxed. Among these classes is embraced manufactories of stationery. Constitution, Art. 207. Plaintiffs claim to be within this exemption, *i. e.*, that their property is employed in the manufacture of stationery.

The proof shows that the plaintiffs keep a printing establishment. They buy paper, and they print on the paper bill heads, blank books, order blanks and other forms used in commercial business, and the plaintiffs cut the paper into the length and width required for such purposes. The Constitution uses the word manufacture in its ordinary sense. Its natural import is to produce an article, and in its common application refers to changing the raw material into some new and useful form. The Constitution itself is illustrative of the significance of the word intended by the exemption. The exemptions extend to cotton mills, manufactories of textile fabrics, leather, furniture, agricultural implements and others. Some of these manufactories deal with the article already changed from the raw material, others deal with the raw material, but in all these exemptions the Constitution contemplates manufactories that produce an article, not a mere addition or mode of use of an article already manufactured. The paper on which the plain-

tiffs print bill heads is manufactured to serve the purposes denoted by the printed headings the plaintiffs supply with their printing press. All recognize that the mill that brings the paper into existence by applying machinery to the proper material is a manufacturer. None desiring to use language in its usual acceptation would apply the word to one who simply prints on the paper the forms expressive of the uses to be made of the paper. To sustain the asserted exemption would be to make it depend not on the manufacture, but on the use made of the article after it is manufactured. Stationery embraces ink, pens, writing paper, envelopes and similar articles used in an office. Those who produce these articles are manufacturers embraced in the constitutional exemptions. But we can not extend that exemption to those who merely print on the paper bill headings or similar forms that otherwise would be written by the pen. Nor do we think the mere folding or cutting the paper in the shapes required for letter or bill heads or commercial books constitutes the manufacture of any thing.

We have no function to revise questions of assessments unless the legality or constitutionality of the tax is involved, or the amount gives jurisdiction to this court. The assessment on plaintiffs' stock in trade presents no question for revision here. Constitution, Art. 81; The First Municipality vs. Pease, 2 An. 538; Penn vs. The First Municipality, 4 An. 13. Our decision will only reverse that of the lower court in respect to the assessment of machinery.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided, annulled and reversed in so far as it enjoins the sale of the machinery; in other respects it be affirmed, and that plaintiffs pay costs.

Rehearing refused.