THE FILIPPE A. BROADBENT MANTEL CO.

*vs.*

MAYOR & CITY COUNCIL OF BALTIMORE.

*Taxation: exemption; never presumed.*

The taxing power is never presumed to be surrendered, and any assertion that it has been relinquished must, to be effective, be distinctly supported by a clear, unambiguous legislative enactment.                                    p. 93

When owners of a manufacturing plant lease out the same for a money rental, they are not so "actively engaged in the business of manufacturing articles of commerce" as to come under the provision of Section 7 of Ordinance No. 140 of the Mayor and City Council of Baltimore of the 6th day of July, 1912, providing for such exemptions and passed in pursuance of Chapter 32 of the Acts of 1912.                pp. 96-98

*Decided March 3rd, 1919.*

Appeal from the Baltimore City Court.  (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Randolph Barton, Jr.,* (with whom was *Jas. J. McGrath* on the brief), for the appellant.

*R. Contee Rose, Assistant City Solicitor,* (with whom was *S. S. Field, City Solicitor,* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

Section 7 of Ordinance 140, passed by the Mayor and City Council of Baltimore, approved on July 6th, 1912, provides that:

"The Appeal Tax Court is authorized and directed upon the application, as hereinafter provided, of any individual, firm or corporation, actually engaged in the business of manufacturing articles of commerce in the City of Baltimore, to abate any and all personal taxes which may be levied hereafter by authority of the Mayor and City Council of Baltimore for any of the corporate uses thereof, upon any mechanical tools or implements, whether worked by hand or by steam, or other motive power, or upon any machinery or manufacturing apparatus, owned by such individuals, firm or corporation and actually employed and used in the business of manufacturing articles of commerce in the said city; provided, that this section shall not be construed as exempting any manufacturing apparatus, tools or machinery used in the business of manufacturing or generating illuminating gas for sale, or any manufacturing apparatus, tools or machinery used in the business of generating or producing for sale electric light or electricity to be used as motive power, or for any other purpose, or any manufacturing apparatus, tools, type or machinery used in the preparation, printing or issuing by the printers or publishers thereof, of any daily journal or other periodical publication."

This Ordinance was passed in pursuance of the Acts of 1912, Chapter 32, by which the Mayor and City Council of Baltimore were authorized and empowered:

"To provide by general ordinance, whenever it shall seem expedient for the encouragement of the growth and development of manufactures and manufacturing industry in the said city, for the abatement of any or all taxes levied by authority of the said Mayor and City Council of Baltimore, or by ordinance thereof,

for any of the corporate uses thereof, upon any or all
personal property, of every description owned by any
individual, firm or corporation in said city, and prop-
erty subject to valuation and taxation therein, includ-
ing mechanical tools or implements, whether worked
by hand or steam or other motive power, machinery,
manufacturing apparatus or engines, raw materials
on hand, stock in trade, bills receivable, and business
credits of every kind, which said personal property
shall be actually employed or used in the business of
manufacturing in said city; provided that such abate-
ment shall be extended to all persons, firms and cor-
porations engaged in the branches of manufacturing
industry proposed to be benefited by any ordinance
passed under the provisions of this paragraph of this
section."

By an agreed statement of facts found in the record, the
appellant, a corporation, incorporated under the laws of this
state, is the owner of a plant, mechanical tools and imple-
ments, which it for eight years prior to March 22nd, 1912,
had used and employed in the business of Manufacturing
articles of commerce in the City of Baltimore, during which
time it had enjoyed an exemption from taxation thereon, but
on March 28th, 1912, said plant, tools and machinery, as
well as the building in which they were located, were leased
to others; that the appellant since leasing said property "has
not directly or indirectly operated this or any other plant for
its own account, and has not been actually engaged in manu-
facturing, but has derived its revenue from the rent received
under the lease."

The appellant made application to the Appeal Tax Court
of Baltimore City for an exemption of its said property for
the year 1914, but that Court declined to abate the assess-
ment thereon for said year "on the ground that the applicant
plaintiff was not operating the said machinery nor actually
engaged in manufacturing, but derived its revenue from the
hiring of its plant and machinery to others."

Upon appeal to the Baltimore City Court, the action of the Appeal Tax Court was affirmed and this appeal is taken from the order of that Court affirming the action of the Appeal Tax Court.

The question here presented involves the construction of the ordinance above quoted.

The fundamental rule governing the construction of exemptions is that the particular exemption claim can not be sustained unless it is shown to be within the spirit as well as the letter of the law (*United Railway Co.* v. *Baltimore City,* 93 Md. 634), and the party asserting the exemption must show that the power to tax in the particular case has been clearly relinquished," and as this Court has said in the *Appeal Tax Court* v. *Rice,* 50 Md. 312: "If this has not been done, the question whether or not the exemption has been granted must be resolved in favor of the State."

The Court said in *Sindall* v. *Baltimore City,* 93 Md. 530: "The taxing power is never presumed to be surrendered, and therefore every assertion that it has been relinquished must, to be efficacious, be distinctly supported by a clear and unambiguous legislative enactment. To doubt is to deny an exemption." The exemption when found to exist, shall not be enlarged by construction. *Cooley on Taxation* (sec. ed.), page 205.

As disclosed by the record, the appellant company was denied the exemption sought, on the ground that it was not actually engaged in manufacturing. The Appeal Tax Court took the position that under the ordinance, the exemption was only to be granted to those *actually engaged in manufacturing,* and as the appellant was not so engaged, it was denied the exemption asked for.

In the case of *Portsmouth Shoe Co.* v. *Portsmouth,* 74 N. H. 222, the statute there under consideration provided that "towns may by vote exempt from taxation, for a term of not exceeding ten years, any manufacturing establishment proposed to be erected or put in operation therein, and the capital to be used in operating the same, unless such establishment

has been previously exempted from taxation by some town."
In that case, the Gale Shoe Mfg. Co., a Massachusetts corporation, wished to go to Portsmouth and there engage in the manufacture of shoes, and the City Council of Portsmouth voted to exempt that corporation from taxation, for ten years, upon "the manufacturing establishment, factory, and plant occupied by it, with its property and assets, and the capital to be used in operating the same." The Gale Co. thereafter leased for the term of five years the shoe factory and machinery owned by the Portsmouth Shoe Co. and agreed to pay all taxes assessed upon the leased premises. The assessors levied a tax upon the leased property against the Portsmouth Shoe Co. and that company sought an abatement of the assessment.

The Court in that case said: "Did the Legislature intend to confer authority upon towns to exempt property owned by A., but leased to B. and used by the latter in his exempted establishment?" The Court, quoting from the earlier case of *Boody* v. *Watson,* 63 N. H. 320, said: "That taxation being the rule and exemption the exception, the exemption is to be strictly construed, and will never be permitted to extend, either in scope or duration, beyond what its terms clearly require.

"It is certain that the language of the statute does not clearly disclose an intention to allow the exemption of one man's property from taxation, because it is used by another under some contractual arrrangement between them, in a business which enjoys an exemption. If the mere use of the property, without regard to its ownership had been intended to be the test to determine whether it could be exempted under the statute, it would be natural to expect more explicit language indicating such a purpose. The 'manufacturing establishment' referred to in the statute means, or relates to, the property of the proprietors of the industry, who receive the benefit conferred by the statute, and not the property of others having no interest in the prosecution of the business.

The City Council of Portsmouth had no power to vote to exempt the property of the plaintiff upon the condition that it should lease it to another manufacturing company. * * * A construction of the statute supporting such a transaction would be an encouragement, not of manufacturing industries, which is the fundamental purpose of the statute (Opinion of the Court, 58 N. H. 623), but of the business of leasing manufacturing property. * * * As said by the Court in *Hennefin Co.* v. *Bell,* 43 Minn. 344, 345: 'The lessors claiming the benefit of the exemption in this case are mere private owners of the property, and the exemption is not for the lessees, and it can only be claimed *arguendo* to be for their benefit in an indirect and collateral way.' Evidently, under the usual rules for the construction of tax-exempting statutes, the legislative purpose to relieve property from the tax burden can not be found by indirection and surmise. The plaintiff's property was legally taxable."

In the case of *State* v. *Board of Assessors,* 46 La. Ann. 859, the article of the constitution of the State there under consideration, provides that "the capital, machinery and other property employed in the manufacture of * * * machinery shall be exempt for twenty years from taxation." The proceeding there was a mandamus to compel the cancelling of assessments against relator's property.

The relator was formerly engaged in the manufacturing of machinery and his property engaged in such business was exempt from taxation under the aforegoing provision of the Constitution. He sold his tools and machinery to others and leased to them the lot and building. They continued the same business. Relator claimed exemption for the lot and building because the property was still employed in the production of machinery. The Court there said in discussing the contention of the relator that "the object of the article in the Constitution is to encourage the production of certain articles mentioned in the article. The exemption was intended to in-

duce the owners of capital and machinery to employ them in the manufacture of said articles.

"The exemption was based upon the ownership or interest in the capital, machinery and property employed in the enterprise and an interest in the products. It is addressed to manufacturers—those who would have an interest, by the investment of capital, in the products of manufacturing establishments.

"The relator has no interest in the manufacture of the machinery by his tenants. He is an utter stranger to the enterprise, and has no capital invested in it. He is the lessor of the property in which the manufacture is conducted, and because it is leased for the purpose of carrying on a manufacturing establishment cannot, by any possible reasoning, convert it into capital or property invested or employed in the industry conducted by his tenants."

Neither the statute in the case of *Portsmouth Shoe Co.* v. *Portsmouth, supra,* nor the constitutional provision in the case of *State* v. *Board of Assessors, supra,* specifically requires that the person, firm or corporation applying for exemption of its property, shall be actually engaged in the industry or business intended to be encouraged by such statute or constitutional provision. Nevertheless the Court in each of those cases, after stating and considering the object and purpose of the statute or constitutional provision, construed it to apply only to those who are engaged in such industry or business and interested in the products of such business, and that it did not apply to one who leased or rented his property to be used or employed by another.

It is admitted by the agreed statements of facts in this case, that the appellant, since leasing the property sought to be exempted from taxation, in March, 1912, "has not directly or indirectly operated this or any other plant for its own account, and *has not been actually engaged in manufacturing,* but has derived its revenue from the rent received under the lease."

With this admission, can it be said that the appellant is entitled, under the provisions of the ordinance, to have the above mentioned property exempted from taxation?

By the ordinance, "The Appeal Tax Court is authorized and directed upon the application * * * of any individual, firm or corporation, *actually engaged in the business of manufacturing articles* of commerce in the City of Baltimore, to abate any and all personal taxes which may be levied hereafter by authority of the Mayor and City Council of Baltimore for any of the corporate uses thereof, upon any mechanical tools or implements, * * * or upon any machinery or manufacturing apparatus, owned by such individuals, firm or corporation and actually employed and used in the business of manufacturing articles of commerce in the said City."

It is clear from the language employed that the application for exemption from taxation of the property mentioned in the ordinance must be made by the owner of such property; and to entitle him to such exemption such owner must be *"actually engaged* in the business of manufacturing articles of commerce in the City of Baltimore," and further that said mechanical tools and implements, etc., be actually employed and used in the business of manufacturing said articles of commerce in said City.

The application in this case was made by the owner of the property, but at that time it was not actually engaged in the business of manufacturing articles of commerce, and this fact is admitted by it.

So long as the appellant was actually engaged in the business of manufacturing articles of commerce, it was entitled to have its mechanical tools and implements, etc., actually employed and used in the business of manufacturing exempted from taxation, but when it ceased to be actually engaged in manufacturing, it was no longer entitled to such exemption. It thereafter derived its revenue—a stipulated sum—from the rent received from the plant, tools and machinery.   It

did not look to the profits of the business for its compensation and was in no wise interested in the products of such business, and assumed no risk in connection therewith.

The object of the ordinance was to encourage by manufacture the production of articles of commerce and to induce individuals, firms and corporations to engage in the business of manufacturing such articles. Those who drafted and passed this ordinance confined its application to individuals, firms and corporations *actually* engaged in the manufacturing business. This was no doubt done to exclude from the benefit of the ordinance those that were in some indirect or remote way connected with said business, as the appellant in this case.

The appellant, although receiving the inducement and encouragement granted by the ordinance, discontinued the business of manufacturing articles of commerce, which was more or less uncertain in its profits and returns, and accepted in lieu thereof, from one willing to embark in said business with all its risks and uncertainties, a stipulated sum as rent, not only for the mechanical tools, implements, machinery and manufacturing apparatus, employed in said business, but also the building and premises in which the business was conducted.

To hold that the property in this case is exempt from taxation under this ordinance, would in our opinion, not only be enlarging the exemption, created by the ordinance, but to so hold would be against the letter as well as the spirit of the ordinance.

We will, therefore, affirm the order of the lower Court.

*Order affirmed, with costs*