STATE OF NEBRASKA V. WILLIAM G. CROUNSE.

FILED FEBRUARY 10, 1921. No. 21695.

Master and Servant: STATUTE REGULATING HOURS OF LABOR: NEWSPAPER COMPANY. A newspaper publishing company, engaged exclusively in printing and publishing a daily newspaper, though it employs machinery and mechanical labor in its operation, is not a manu-

facturing nor a mechanical establishment, as such terms are used in the statute regulating the hours of labor for women, Laws 1919, ch. 190, tit. 4, art. II, sec. 5.

ERROR to the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Exception overruled.*

*Clarence A. Davis, Attorney General, Mason Wheeler* and *A. V. Shotwell,* for plaintiff in error.

*Stout, Rose, Wells & Martin, contra.*

FLANSBURG, J.

Defendant, as superintendent of employees of the World Publishing Company, was charged with a violation of the statute prohibiting the employment of women in "manufacturing, mechanical or mercantile establishments" for more than nine hours a day or in the nighttime after 10 p. m. (Laws 1919, ch. 190, tit. 4, art. II, sec.5). The complaint filed alleged that the World Publishing Company was a "manufacturing, mechanical or mercantile establishment." The case was tried upon a stipulation of facts, by which it is shown that the said company is a corporation engaged exclusively in publishing and printing a daily newspaper, with morning, evening and Sunday editions, and that the corporation does no job printing or contract work of any kind; that eight women are employed in the mailing room, and they affix the names of subscribers to newspapers by means of a device which moistens a printed name slip, detaches it from a roll, and glues it to the particular paper in question. These women were employed after 10 o'clock p. m. and before 6 o'clock a. m., which, if the company is found to be within the provisions of the act, is a time when such employment is prohibited. The district court found that the company was not within the act and dismissed the case. To this ruling the county attorney took exception, and now presents here the sole question of whether or not the newspaper publishing company, in this case, is a manufacturing or mechanical establishment within the meaning of the law.

The courts are not in entire accord on the question of whether or not such a publishing company is a manufacturing establishment within the commonly understood meaning of that term. In *State v. Dupré & Hearsey,* 42 La. Ann. 561, and by dictum in *In re Kenyon & Fenton,* 1 Utah, 47, the view is taken that a newspaper is a manufactured product and the publishing house a manufacturing establishment. In its literal sense, it seems to us, the term is hardly capable of that interpretation. Webster's New International Dictionary defines "manufacture" as "The process or operation of making wares or any material products by hand, by machinery, or by other agency; often, such process or operation carried on systematically with division of labor and with the use of machinery." The work which characterizes the business of publishing a newspaper is the gathering and disseminating of news, the furnishing to subscribers of various kinds of information, the carrying of advertisements, and the writing of editorials and articles on matters of public interest. Machinery and mechanical labor are indispensable, but are only incidental to the carrying on of the main purpose of the business. A newspaper is the product of intellectual effort, not of mechanical labor. That such business is not manufacturing is supported by the following decisions: *Oswald v. St. Paul Globe Publishing Co.,* 60 Minn. 82; *In re Capital Publishing Co.,* 10 MacArthur (D. C.) 405; *Evening Journal Ass'n v. State Board of Assessors,* 47 N. J. Law, 36; *Press Printing Co. v. State Board of Assessors,* 51 N. J. Law, 75.

In the case of *Evening Journal Ass'n v. State Board of Assessors, supra,* the court said (page 41): "It is true that in the production of his papers, which he sells, he employs manual labor and mechanical skill. But so does the sculptor who produces, as the result of his handiwork and genius, the statue; so does the painter who executes his painting with his palette and his brush; so does the lawyer who prepares his brief, or the author who writes a book. But neither the sculptor nor the painter

State v. Crounse.

is classified as a manufacturer by reason of his works; nor would the lawyer or the author be regarded as a manufacturer though they employed a printer—the former to print his brief, and the latter his book. In the ordinary and general use of the word 'manufacturer,' the publishing of a newspaper does not come within the popular meaning of the term. As was said by the court in the case  *  *  *  (*In re Capital Publishing Co.*, 10 MacArthur (D. C.) 405), 'no definition of the word "manufacturer" has ever included the publisher of a newspaper, and the common understanding of mankind excludes it.  *  *  *  It gives employment to printing-presses, types, and editors, and yet, in the whole history of newspapers from the close of the seventeenth century, this word "manufacturer" has never been applied to them or appropriated by them in the whole range of English literature.' "

A newspaper publishing house not being, then, a manufacturing establishment, can it be said to be a mechanical establishment, within the purview of the law?

The definition of mechanical as given by Webster's New International Dictionary is: "(1) Of, pretaining to, or concerned with, manual labor; engaged in manual labor; of the artisan class.   (2) Of, pertaining to, or concerned with, machinery or mechanism; made or formed by a machine or with tools."

The statute is not directed specifically at mechanical labor wherever the same may be performed, but at all labor performed by women in those institutions only which are to be classed as mechanical establishments. For the general purpose of the law, it was evidently deemed best by the lawmakers to describe in what establishments female labor should be regulated, rather than to attempt to regulate certain kinds of labor in all establishments. Almost all business establishments employ some mechanical element in their operation. The mere fact that machinery or mechanical appliances, or mechanical or manual labor, is used, or found to be employed, does

not necessarily characterize the establishment as a mechanical establishment. It seems to us that before the establishment can be said to be a mechanical establishment the mechanical element must predominate. In such operations as mining, or in water-works, where water is pumped and distributed to consumers, or in laundries or repair shops, the mechanical element clearly does predominate, and the product of those enterprises can be readily said to be the products of mechanical effort. Such enterprises, though not manufacturing, would clearly be mechanical in their nature. *Cowling v. Zenith Iron Co.*, 65 Minn. 263; *Ward v. City of Norton*, 86 Kan. 906.

On the other hand, in *Mullinnix v. State*, 42 Tex. Cr. Rep. 526, the court held that the business of photography is not mechanical, the court saying: "In our opinion, this clause of the Constitution does not embrace the calling of a photographer or artist, but more properly refers to mechanics; that is, builders and carpenters. True, a photographer may do some work with tools of a mechanical character; that is, his business may be partly mechanical. In its broadest sense, a mechanic is any one who is a skilled worker with tools, but one may have a business which is partly mechanical, such as a farmer, a surgeon, or an artist, and the like, and not be a mechanic."

In the case of *City of New Orleans v. Robira*, 42 La. Ann. 1098, the court said that photography was not a mechanical pursuit, since the mind of the party engaged in the business was chiefly concerned, the hands and body being less so.

What has been said with regard to manufacturing has also some bearing in the interpretation of the word "mechanical," as applied to establishments. A newspaper cannot be said to be the product of mechanical effort any more than it can be said to be a manufactured article, nor can it be said that a newspaper publishing house, taken as an entirety, is a mechanical establishment within the meaning of the law.

It is our opinion, therefore, that a newspaper publishing house, such as the one here before us, is not one of the institutions where the legislature intended to regulate the hours of employment of women.

The exception taken by the county attorney to the ruling of the district court is, therefore,

OVERRULED.

ROSE, J., not sitting.