# BALTIMORE CITY COURT.

Filed November 29, 1924.

HENNEGAN BATES CO.
VS.
THE STATE TAX COMMISSION.

*Emory, Beeuwkes & Skeen, Reuben Oppenheimer* and *Allan C. Girdwood* for plaintiff.

*Assistant Attorney-General Herbert Levy* and *Assistant City Solicitor W. Herdman Schwatka* for defendants.

DUFFY, J.—

The Hennegan Bates Company applied to the Appeal Tax Court for an abatement of assessment. On January 2, 1920, an order was passed by said Court allowing to said Company exemption for taxation as of January 1st, 1920, as follows:

Raw material on hand valued
at ...................... $28,423
Manufactured product in hands
of manufacturer valued at.. 15,600
_____
$44,023

This exemption was allowed from taxation by the City and does not apply to taxation by the State.

On May 24, 1920, the Hennegan Bates Co. received from the State Tax Commission the following notice:

"May 24, 1920.
"To Hennegan-Bates Co.,
7 East Baltimore St.

This is to notify you that the tangible personal property of the corporation, taxable in Maryland, has been assessed for the current year as set forth below, and that the same will become final and conclusive unless sufficient reasons for a change shall be presented to the Commisison within ten (10) days from this date.

STATE TAX COMMISSION
OF MARYLAND
By ....................

8   Fixtures .............$
9   Office or store equipment.   6,300
10a Average value of merchandise not manufactured.   146,875
10b Average value of merchandise manufactured   ...   25,083
10c Average value of raw material . . . ...........   36,667
14  Vehicles . . . ............   200
_____
Total assessment against tangible personal property.... $215,125
P."

After a hearing on June 3, 1920, at which the Company asked for the abatement allowed by the Appeal Tax Court, said Company received notice from the State Tax Commission on November 30, 1920, that the Commission by order of that date had decided "that your assessment against tangible assets of which you were notified under date of May 24, 1920, will not be altered or changed."

On December 29, 1920, the Hennegan Bates Co. filed a petition in this Court praying an appeal from said action and order of the State Tax Commission.

No appeal was taken to the State Tax Commission pursuant to Art. 81, Sec. 239, from the order of the Appeal Tax Court allowing the said exemption either by the Company or by the City or by the Supervisors of Assessments, so that the proceeding, begun by the State Tax Commission by the notice of May 24, 1920, was instituted by the Commission on its own initiative. The question for decision at this hearing is: What authority has the State Tax Commission, on its own motion, to supervise and rescind the action of the Appeal Tax Court, particularly in as much as the abatement rescinded applies only to City taxation and not to State taxation.

The State Tax Commission was created by Act of 1914, c. 841. By this Act a somewhat new policy was adopted in regulating assessments for the purpose of taxation. The Commission was endowed with powers and duties more extensive than those exercised by the State Tax Commissioner. One of the sections of this Act (Codified as Section 244), provides that all Acts and parts of Acts inconsistent herewith be and the same are hereby repealed.

All other Acts passed before said Act of 1914, Ch. 841, must be so construed as to harmonize with said Act of 1914, or must be construed to have been repealed by it. A similar situation was before the Court in Gregg vs. Public Service Commission, 121 Md. 29. The reasoning adopted in the opinion on this question in that case will be found apposite here. See also Hyattsville vs. Telephone Co., 131 Md. 590.

I have not been able to find in the statutes any provision which specifically authorizes the State Tax Commission to rescind or modify an abatement granted to a taxpayer by the Appeal Tax Court, but such plenary powers are conferred on the State Tax Commission that it must be a reasonable and necessary inference that said Commission has the power to do on its own

initiative what has been done by the Commission by the order from which this appeal has been taken.

This abundantly appears from the following recitals as to the duties of the State Tax Commission from the Act of 1914, c. 841:—

Sec. 234 (codified Art. 81, Sec. 235).

(1) To have general supervision over the administration of the assessment and tax laws of the State.

(2) To have final determination of the assessments of all property in all the counties, cities, towns and villages of the State to the end that all taxable property shall be placed upon the assessment books and equalized between persons, firms and corporations in all counties, districts, cities, towns and villages of the State so that all persons, firms and corporations shall be assessed alike for all kinds of property. In case any property which, under the law is subject to taxation, has not been assessed, such property may be placed on the books at any time and shall be subject to taxation for the current and previous years, etc.

(8) To investigate at any time, on its own initiative, assessments against all properties or assessment in any county, city, district, town or village.

Appellant relies on an abatement allowed to it as a manufacturer by the Appeal Tax Court pursuant to an ordinance of the Mayor and City Council. Said ordinance was passed by authority of Act of 1912, c. 32, as re-enacted by Act of 1916, c. 561 (City Charter, p. 44-5). The important part of this statute so far as it has any bearing on this case is as follows:

To provide by general ordinance * * * for abatement of any and all taxes * * * upon any and all personal property * * * owned by any individual, firm or corporation in said City and property subject to valuation and taxation therein, including mechanical tools or implements * * * machinery, manufacturing apparatus, or engines, raw materials on hand, stock in trade, bills receivable and business credits * * * which said personal property shall be actually employed or used in the business of manufacturing in said City.

The answer to this contention is that, within the meaning of this Act, the Hennegan Bates Co. is not a manufacturer and therefore the Appeal Tax Court has no authority to allow said abatement.

See County Commissioners vs. B. F. Shriver Co., Daily Record, July 30, 1924, as to what is manufacturing.

In considering this question we must keep in mind that the fundamental rule governing the construction of exemptions is that the particular exemption claimed cannot be sustained unless it is shown to be within the spirit as well as the letter of the law and the party asserting the exemption must show that the power to tax in the particular case has been clearly relinquished.

134 Md. 93, Broadbent Co. vs. M. & C. C.

But the point is made by appellant's counsel that assuming that by the evidence taken it appears that the Hennegan Bates Company *is*, as it claims to be, a manufacturer, the Appeal Tax Court *did* have authority by the Act of 1916, c. 561, to make the abatement for the reason that this act was passed subsequent to the aforesaid act creating the State Tax Commission, and that for this reason said Act of 1916 must be controlling.

This point is not tenable in my opinion. The Act of 1916 is a repeal and re-enactment of the Act of 1912 in totidem verbis for the purpose of making laundries subject to the same right to abatement as manufacturers.

The later statute being a repeal and re-enactment of the former without substantial change, the Act of 1912 simply continues in the form of the Act of 1916 without interruption in operation except as to said extension of the perview of the act to laundries. Under such circumstances the Act of 1916 can have no power to abridge the Act of 1914, c. 841, which the Act of 1912 did not have.

45 Md. 622, Dashiell vs. M. & C. C.

97 Md. 691, Swann vs. Kemp.

46 Md 503, Watts vs. Port Deposit.

Holding that in this case the State Tax Commission has acted within its statutory powers its order appealed from will be affirmed.

At the hearing of this appeal I permitted the company to offer testimony over objection; this was error. Appeals from the action of the Commis-

sion to the Court are permitted only for the purpose of having questions of law reviewed. "No evidence is to be taken at the hearing of such appeals the questions of law to be reviewed by the Courts are those appearing on the record of proceedings before the Commission and set forth in the petition of the party appealing."

134 Md. 340, Fidelity Trust Co. vs. Gorman.