# SUPERIOR COURT OF BALTIMORE CITY.

Filed January 8, 1926.

THOMAS C. HUNTER, TREASURER,

VS.

THE RELIABLE FURNITURE COMPANY.

*Charles B. Bosley* for plaintiff.
*Randolph Barton* and *Forrest Bramble* for defendant.

STEIN, J.—

This is a suit by the Treasurer of Baltimore County to recover the sum of six hundred and twenty-four dollars and fifty cents ($624.50) as State and County taxes claimed to be due by The Reliable Furniture Manufacturing Company, a corporation, which, by a plea on equitable grounds, sets up the defense that in making the tax assessment, "the basis of the taxes in suit," the defendant was not allowed its exemption, as owner of machinery, used in manufacturing, but not so used by it.

The case was tried, before the Court, on an agreed statement of facts, of which those controlling are:

That, the defendant, a corporation of Baltimore City, for many years prior to January 20th, 1920, was engaged in manufacturing furniture with its plant in Baltimore City, on that date, it decided to operate the *manufacturing end* of its business in the form of a partnership, in order to do so, caused a partnership to be formed, to which it leased its plant and machinery, at a yearly rental, sufficient to pay interest on any mortgage—taxes and depreciation, but without profit above carrying charges, that ever since the above lease, the partnership operated the manufacturing end of the corporate business.

That, when said partnership was formed, the corporation had outstanding three hunderd and twenty shares of its stock, of which Messrs. J. G. and George C. Mohlhenrich, owned one hundred and fifty shares, each; Frederick Karner owned ten shares, and ten shares were held in the treasury; that the above-named partnership was and is composed of the said Messrs. Mohlhenrich and Karner, the wife of each, and Randolph, son of J. G. Mohlhenrich.

That until and including the year 1920, the corporation was allowed the exemption of the machinery it used in manufacturing, which exemption thereafter was disallowed.

On these facts, the defendant claims that, although the machinery above named is used by the above-named partnership in manufacturing; the corporation, as owner thereof, is entitled to be exempt from taxation thereon, not only because under the law the owner of the machinery used in manufacture is entitled to the exemption, if some one else used it in manufacturing, but also because the corporate and partnership entities are substantially the same.

### I

On the substantial identity of the corporation and partnership, agreed statement of facts shows, that:

(a) Of the three hundred and twenty issued shares of the corporate stock, three people own three hundred and ten shares, viz:

J. G. Mohlhenrich
 15 parts or 150 shares say $15,000
George G. Mohlhenrich
 15 parts or 150 shares say 15,000
Frederick Karner
 1 part or 10 shares say 1,000

31 parts or 310 shares say $31,000

Treasury stock not counted 1 part or 10 shares say $1,000.

(b) That the members and interests of each in the capital of the above-named partnership are:

| | | |
|---|---|---|
| J. G. Mohlhenrich . 6 | parts or | $ 6,000 |
| His wife ........7½ | parts or | 7,500 |
| His son ........1½ | parts or | 1,500 |
| G. G. Mohlhenrich . 7½ | parts or | 7,500 |
| His wife ........7½ | parts or | 7,500 |
| Frederick Karner . ½ | part or | 500 |
| His wife ....... ½ | part or | 500 |

31 parts or $31,000

The corporation has three shareholders; the partnership is composed of seven persons; of whom only three own shares of stock in the corporation; the interest of each in the corporation, is at least double his interest in the co-partnership, i. e., the three stockholders who own not quite ninety-seven per cent. of the capital of the corporation, only own 45 1-6% of the co-partnership capital. The corporation and co-partnership entities are not "substantially the same."

### II

The defense that the Tax Exemption on machinery, goes with use in manufacture and not with such use by the owner, depends upon the construction of the exemption statute.

The agreed statement of facts bases such construction upon Act of 1912, Ch. 32, Sec. 3, folio 77. This subsection, which is entitled *"Abatements to Encourage Manufacturers,"* first authorizes "the Mayor and City Council of Baltimore to provide by General Ordinance for the abatement of any and all taxes levied by the City of Baltimore upon any and all personal property of every description, owned by any individual firm or corporation in said City and property subject to valuation and taxation thereon * * * including machinery, manufacturing apparatus * * * which said personal property shall be actually employed or used in the business of manufacturing in said City"—and then provides as follows, viz:

"Provided that such abatement shall be extended to *all persons, firms and corporations engaged* in the branches of manufacturing industry—proposed to be benefited by an ordinance passed under the provisions of this paragraph of this section." This section contemplates:

1. Ownership: "The abatement of any and all taxes upon any and all personal property *owned* by any individual, firm or corporation;" and

2. Manufacturing use by such owner: "Provided that such abatement shall be extended to all persons, firms and corporations *engaged in the branches of manufacturing industry* proposed to be benefited by the ordinance."

Assuming that Ordinance No. 462 recited in the agreed statement of facts, as passed in pursuance of the above Act, supports the contention, that the exemption is had where ownership is in one person and the manufacturing use in another, as the Act does not allow the exemption in such case, to that extent the Ordinance could be void; the exemption it granted is confined to that authorized by the Act.

So that the Act of 1912, Ch. 32, supra, confines the tax exemption to an owner using machinery in manufacture.

This accords with the ruling in Broadbent vs. City, 134 Md. 90.

The fact that Ordinance No. 462 supra was approved March 6th, 1919, three days after the above ruling in the Broadbent Case—does not justify a construction of the Ordinance, not only in the teeth of that decision; but directly opposed to the policy of all prior legislation, as shown by the Act of 1912, Ch. 32, supra; the Act of 1914, Ch. 528, Sec. 164, folio 904, and that the Act of 1916, Ch. 561 (a re-enactment of the Act of 1912, Ch. 32), each of which confines the exemption to the owner using machinery in manufacture. To extend the exemption to an non-using owner requires clear, explicit and unambiguous legislative enactment.

Broadbent vs. City, supra.

Such language is not found in any of the above acts. Ordinance No. 462, by a fair construction confines the exemption to an owner using machinery in manufacture.

I cannot agree with the defendant's construction, and will sustain the demurrer to the plea on equitable grounds—refuse each of its prayers, which ruling makes unnecessary any action on the Plaintiff's Special Exception to the third prayer.

The verdict will be for the plaintiff against the defendant for the taxes claimed with interest in all seven hundred and thirteen dollars and eighty-three cents ($713.83).

Exceptions allowed to each adverse ruling.