## AMERICAN NEWSPAPERS, INC., *v.* STATE TAX COMMISSION ET AL.

[No. 18, January Term, 1938.]

*Decided March 9th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Karl F. Steinmann* and *Arthur W. Machen,* with whom was *Alexander Armstrong* on the brief, for the appellant.

*Michael J. Hankin* and *Lawrence B. Fenneman, Assistant City Solicitors,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order of the Baltimore City Court, affirming an assessment by the State Tax Commission of the property of the American Newspapers, Incorporated, which issues and publishes in Baltimore a newspaper, known as the "News-Post" daily for six days a week, Monday to Saturday, both inclusive, and a weekly newspaper on Sundays known as the "Sunday American." The appellant, American Newspapers, Inc., had made a claim for exemption from taxation of its machinery tools, and raw materials on the ground that it was a manufacturer, under Code (Supp. 1935), art. 81, sec. 7, sub-secs. (25) and (26), Acts 1935, ch. 225, which read as follows:

"(25) Tools (including mechanical tools), implements, whether worked by hand, steam or other motive power, machinery, manufacturing apparatus or engines used in manufacturing, whether temporarily idle or not, in any

county (including the City of Baltimore) in which by law, resolution or ordinance the same are or may be exempt from county or city taxation; and the County Commissioners of any county and the Mayor and City Council of Baltimore are hereby authorized to pass such resolution or ordinance.

"(26) Raw materials on hand and manufactured products in the hands of the manufacturer in any city and/or county in which by law, resolution or ordinance the same are or may be exempt from county and/or city taxation; provided that nothing in this subsection shall exempt any such property from State taxation or from assessment therefor." (These subsections are a re-codification of section 169, article 81 of the Code of 1924 to the same effect), and under a local law, passed prior to the general law, and subsequently amended, and now appearing as section 6(28) (c), article 4, Code of Public Local Laws, to the same effect, and still in force in Baltimore City. In pursuance of this local law, the Mayor and City Council enacted an ordinance, No. 140 (Baltimore City Code of 1928, art. 46, sec. 80), providing for the exemption from taxation of the machinery and tools of manufacturers, which excepted gas and electric companies, and printers and publishers "of any journal or other periodical or other periodical publication." In *Frederick Electric Light & Power Co. v Frederick,* 84 Md. 599, 36 A. 362, it was held that an electric light company was not a manufacturing industry, and therefore not entitled to such exemption, and the same rule had been applied to the gasometers and mains of a gas company in *Consolidated Gas Co. v. Baltimore,* 62 Md. 588. The statutes made no exceptions, and the local law, Pub. Loc. Laws, art. 4, sec. 6(28) (c), authorized the Mayor and City Council of Baltimore "To provide by general ordinance * * * for the abatement of any or all taxes levied * * * upon any or all personal property, * * * actually employed or used in the business of manufacturing in said city." The plain meaning of this is that the city could not exempt some manufacturing businesses and exclude

others from the benefit of the act, but that the ordinance should be general in its nature, and whatever the property exempted, it should be to all manufacturers alike. The exception of "any journal or other periodical" does not depend on the ordinance, but whether in fact it is a "manufacturing business," within the meaning of the statute.

The facts in *Rowe Co. v. State Tax Commission*, 149 Md. 251, 131 A. 509, were not the same as those presented here, but the test applied in determining whether the publisher was a manufacturer is just as applicable here as it was there. In that case this court, in an opinion by Judge Offutt (at page 260 of 149 Md., 131 A. 509, 512) said: "A publisher may be a manufacturer or he may not, accordingly as he does or does not manufacture the books, magazines, or other printed matter which he publishes. But the mere fact that he is a publisher does not compel the inference that he is a manufacturer, but the character of the work done in the operation of his publishing business does. So that, while the appellant may be properly classified as a publisher, that fact alone is not sufficient to characterize his business as manufacturing, for that must be determined, not by the name given the business, but by the character of the work done in the course of its operation."

The appellant has a plant containing much valuable machinery and employing a large number of people in the printing and publishing of the two newspapers mentioned. In the same plant there is much valuable machinery and a large amount of raw material used in the publishing of two weekly publications called "The American Weekly" and "The Comic Weekly," which are of general circulation outside the State of Maryland, and sold in bulk to other newspapers, but about fifteen per cent. of the output being circulated in this state. The claim of the appellant for exemption covered the machinery and raw materials used in the production of all the publications. No exemption was allowed by the State Tax Commission for any of the publications.

The cases in which a newspaper plant, publishing its own paper, has been declared to be a manufacturing business are not numerous. It was so held in *Re Kenyon & Fenton,* 1 Utah, 47, a bankruptcy case, part of the business being job printing; and in *State v. Dupre,* 42 La. Ann. 561, 7 So. 727, two judges dissenting. Later, the Supreme Court of Louisiana, in *Patterson v. New Orleans,* 47 La. Ann. 275, 16 So. 815, decided that a newspaper plant was not a manufactory. Others holding that it is not a manufacturing business are *Evening Journal Assn. v. Board of Assessors,* 47 N. J. L. 36, 38; *In re Capital Publishing Co.,* 3 MacArthur, Dist. Col. 405, 412; *Oswald v. St. Paul Globe Co.,* 60 Minn. 82, 61 N. W. 902; *State v. Crounse,* 105 Neb 672, 181 N. W. 562; *City of Lexington v. Lexington Leader Co.,* 193 Ky. 107, 235 S. W. 31; *Press Printing Co. v. Assessors,* 51 N. J. L. 75, 16 A. 173. These are all the newspaper cases furnished or which we have found, and as one of the Louisiana dissenting judges observed, there are few such cases, because it had not occurred to many persons that newspapers are made in a factory.

The argument against the exemption of newspapers, however, does not apply to the business of book and job printing, engraving, electrotyping, and lithographing, which manufactures, on orders or for the trade generally, and in *Evening Journal Assn. v. Assessors,* 47 N. J. L. 36, it was declared that so much of the capital of the newspaper as was invested for the production of such articles should be exempted. See, also, *Rowe v. State Tax Commission, supra.* According to the testimony in this case, it has been the policy of our State Tax Commission to exempt job printing plants, and in the case of one professional newspaper to exempt so much of its machinery and raw materials as were devoted to job printing. In the opinion of this court such an allowance should have been made in this case, for the machinery and equipment employed in the production of "The American Weekly" and "The Comic Weekly," known as "the color press operation," having an assessed value of

$102,214.30, and for the raw materials used therein with an assessed value of $97,546.80. To this extent the order appealed from will be reversed and the case remanded for an order by the State Tax Commission conforming with this opinion.

> *Order affirmed in part and reversed in part,*
> *and case remanded; costs to be divided*
> *equally between the appellant and the*
> *Mayor and City Council of Baltimore.*