STATE TAX COMMISSION OF MARYLAND, ET AL. *v.*
STANDARD OIL COMPANY OF NEW JERSEY
MAYOR AND CITY COUNCIL OF BALTIMORE *v.*
SAME

[Nos. 44 and 45, January Term, 1943.]

*Decided April 28, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, MELVIN, and ADAMS, JJ.

*William C. Walsh, Attorney General,* and *Hall Hammond, Deputy Attorney General,* for the appellant, the State Tax Commission of Maryland.

*Michael J. Hankin, Assistant City Solicitor,* with whom were *F. Murray Benson, City Solicitor,* and *Norman E. Cooper, Assistant City Solicitor,* on the brief, for the appellant, the Mayor and City Council of Baltimore.

*O. Bowie Duckett, Jr.,* with whom was *Edward G. Hargest* on the brief, for the appellee.

SLOAN, C. J., delivered the opinion of the Court.

This appeal is from an order of the Baltimore City Court reversing an order of the State Tax Commission which had refused an application of the Standard Oil Company for a manufacturer's exemption of a job printing plant which it was operating in Baltimore City.

By Section 7, Subsection 23, of Article 81 of the Code, 1939, the county commissioners of any county and the Mayor and City Council of Baltimore City are authorized to exempt from city and county taxes the "Tools (in-including mechanical tools), implements, whether worked

by hand, steam or other motive power, machinery, manu-
facturing apparatus or engines used in manufacturing,
whether temporarily idle or not" provided the exemption
be so declared by resolution or ordinance. And by Sub-
section 24, may be extended to "Raw materials on hand
and manufactured products in the hands of the manu-
facturer."

An Act of like import, applicable to Baltimore City is
contained in Article 4, Section 6, Subsection 28 (c) of
the Code of Public Local Laws, 1930, subtitle "Abate-
ments to Encourage Manufacturers," Baltimore City
Charter (1938), p. 58.

In pursuance of the authority of these Code provisions,
the Mayor and City Council passed an ordinance No.
140, Baltimore City Code (1927), Art. 46, Sec. 80, direct-
ing the Appeal Tax Court to abate any and all personal
taxes "of any individual, firm or corporation, actually
engaged in the business of manufacturing articles of
commerce in the City of Baltimore," but excepted cer-
tain businesses from the benefit of the exemption, among
them any machinery, etc., "used in the preparation, print-
ing or issuing, by the printers or publishers thereof, of
any daily journal or other periodical publication." The
exceptions did not include job printing establishments,
and the only logical conclusion is that to omit them does
not mean to include them in the exceptions. The State
Tax Commission and this court have so interpreted it,
and have said that the machinery, etc., of job printers
are exempt from taxation. *Rowe Co. v. Tax Commission,*
149 Md. 251, 261, 131 A. 509; *American Newspapers v.
Tax Commission,* 174 Md. 56, 197 A. 574.

Some years later, in 1918, the Mayor and City Coun-
cil passed Ordinance No. 462, which did not repeal any
of the provisions of Ordinance No. 140, but prescribed
the procedure, which had not been provided for by Ordi-
nance No. 140, whereby manufacturers might avail them-
selves of the benefits of the charter power and the earlier
ordinance. The only material change, worthy of note in

this case, was, "In case any person, firm or corporation engaged in manufacturing in Baltimore City shall also be engaged in the business of a jobber, or wholesaler or retail merchant, in Baltimore City, nothing in this section shall be construed to exempt the personal property other than goods of his own manufacture, used in connection with said business of jobber or wholesale or retail merchant."

It is generally declared that these tax exemption statutes are to be strictly construed. *Broadbent Mantel Co. v. Baltimore,* 134 Md. 90, 106 A. 250, and cases there cited. But to this it might be added, that they are to be fairly construed, that is, so as to give expression to the legislative intent and purpose. *Mayor and City Council of Baltimore v. Hanover Shirt Co.,* 168 Md. 174, 178, 177 A. 160; *Cooley on Taxation,* 4th Ed. Sec. 674.

The City's interpretation of the purpose and intent of its charter power, and it might properly be said of any such statutes, as expressed in Ordinance No. 462, is "In order to encourage the growth and development of manufacturing industries in Baltimore City and thereby in the judgment of the Mayor and City Council, to promote the general welfare of the city * * * exempt from taxation for all ordinary municipal purposes," the tools, machinery, and raw materials of manufacturers. The object and purpose of such legislation is defined in *Carroll County Com'rs v. B. F. Shriver Co.,* 146 Md. 412, 418, 126 A. 71; *Rowe Co. v. Tax Commission,* 149 Md. 251, 257, 131 A. 509; *City of Baltimore v. State Tax Commission,* 161 Md. 234, 238, 155 A. 739.

As said in *Carroll County Com'rs v. B. F. Shriver Co.,* 146 Md. 412, 417, 126 A. 71, 72, "It is difficult to say in the abstract what is and what is not a manufacturing industry." Every case depends largely on its own facts and circumstances. *Mayor and City Council of Baltimore v. Hanover Shirt Co.,* 168 Md. 174, 179, 177 A. 160; *State Tax Commission v. Baltimore Asphalt Block & Tile Co.,* 180 Md. 620, 26 A. 2d 371.

The contention of the appellants is that the appellee, in its printing plant, does not produce "Articles of commerce," though it is not contended that the plant is not a well, expensively equipped establishment, and there is no denial of the appellee's evidence that it employs seventy-five persons, with an annual payroll of $125,000, has raw materials and manufactured product amounting to $87,000, and does a business of $300,000 a year. The appellant argues that because the product of the printing plant is used by the appellee and its affiliates, it does not produce "articles of commerce." In 1941 it had seven customers in which it owned 48 per cent. of their capital stock; in one of them it owned nothing; in one 20 per cent.; in two 50 per cent. and in three 70 per cent., 71.5 per cent. and 74 per cent. They were all independently operated, and were treated on the books of the appellee as customers, who were charged with and paid for the stationery and printing shipped to them, and the appellant's argument is that the appellee is doing this work for itself, even though it is shipped and billed to the affiliates, and that its product is not sold to the trade generally, and they rely chiefly on statements made in the cases of *Carroll County Com'rs v. B. F. Shriver Co.*, 146 Md. 412, 126 A. 71, and *City of Baltimore v. State Tax Commission*, 161 Md. 234, 155 A. 739.

In the last named case, in which the Tax Commission had granted the exemption to the Union Shipbuilding Company, the City appealed, and its contention there was that the product of the shipbuilding company was not a manufacture, and what was decided in that case by the Tax Commission, the City Court and this court was that its product was a manufacture, which had as a potential customer every steel mill in the country. It pressed scrap steel into ingots of certain sizes, the price of which was regularly published by the leading trade paper, and had a ready market.

That case has no application to the instant case. The product of a job printing plant does not have such a

market; its product is not sold in the open market. It does what its name implies, printing by the job for its respective customers. As we have said, the policy of the State Tax Commission has been to exempt job printing plants as manufacturers, and it has been decided by this court that they are manufacturers, even if the product is sold to customers in which they are interested. *American Newspapers v. Tax Commission*, 174 Md. 56, 197 A. 574.

It would have to be conceded that if the appellee and its affiliates bought the product from an independent job printing plant located in Baltimore, that such a plant would be entitled to the exemption. So what is the difference, whether the appellee sets up a plant of its own, or hires its work to be done by some other concern? We see none, and are of the opinion that the order of the City Court reversing the State Tax Commission should be affirmed.

> *Order appealed from affirmed, the costs to be paid by the Mayor and City Council of Baltimore. Costs cannot be assessed against the State Tax Commission as it is a State agency.*