THE REDEMPTORISTS *vs.* THE COUNTY COMMISSIONERS
OF HOWARD COUNTY.

*Exemption of Charitable or Benevolent Institutions from Taxa-*
*tion under the Act of 1876, ch. 260, sec. 2—Property from*
*which a Revenue is derived, not exempt.*

The appellants' colleges, with their equipments and the ground on
which they stand, used for the gratuitous preparation of pious
young men of the Roman Catholic faith, for its ministry, and not
conducted for or productive of pecuniary profit, but supported by
donations and alms from the different parishes throughout the
United States, and being purely a charity, were exempted from
taxation under the Act of 1876, ch. 260, sec. 2.

The appellants' land and the buildings and improvements thereon,
from which a revenue is derived, were not exempted from taxation
under the Act of 1876; though that revenue is appropriated and
applied for the purposes of the charity.

APPEAL from the Circuit Court for Howard County.

The appeal in this case was taken by The Redemptorists
from an order of the Court below, (MILLER and HAYDEN,
J.,) passed on the 24th September, 1877, in proceedings
instituted by the appellants against the County Commis-
sioners of Howard County, under the Act of 1876, ch.
260, sec. 28, whereby it was determined that the property
mentioned in the appellants' petition was not exempt from
assessment under the second section of that Act, but that
the same was subject to valuation and assessment, as
appeared from the then state of the record.   The case is
further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT,
ALVEY and ROBINSON, J.

*James Mackubin* for the appellants.

*Henry E. Wootten* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

The appellants were incorporated by the Act of 1841, ch. 26, "for *religious, literary and charitable purposes,*" and were authorized to acquire and hold property within the State for the purposes named in the charter, not exceeding the amount or annual value therein specified. They own land with the improvements thereon in Howard County. The petition states that the improvements consist of two colleges at Ilchester called the Upper and Lower College, which, with the ground they cover, and the equipments thereof, it is alleged are exempt from assessment and taxation under the *2nd section* of the *Act of* 1876, *ch.* 260, as charitable and benevolent institutions used for the benefit of the indigent and afflicted. The petition alleges that the same has been inadvertently assessed under said Act by the Assessors and Board of Control and Review, and returned on the books and list of taxation and assessment to the County Commissioners of Howard County, and prays that the said assessment may be corrected, and that the said two colleges may be exempted from taxation.

The answer of the County Commissioners admits that the petitioners are a corporation as alleged, and that the property mentioned in the petition has been assessed for taxation, but denies that the same or any portion thereof is exempt from taxation under the Act of 1876.

The case was heard by the Circuit Court upon petition and answer, without proof taken as provided by section 28. An affidavit in support of the petition made some time after the petition, was filed *ex parte,* and without any authority of the Court for that purpose being had. In this state of the record the Circuit Court decided that "the property mentioned in the petition is not exempt from assessment, but that the same is subject to valuation and assessment," and dismissed the petition.

When the case was submitted in this Court it was agreed by the Attorney-General that further proof on the part of the appellants might be filed, in order that the same might be decided upon its merits. Under this agreement and with the consent of the State's Attorney of Howard County representing the appellees, the affidavit of the Reverend Augustine Stuhl, dated the 10th day of February, 1879, has been filed.

From this affidavit it appears that "the purpose and work of the college is exclusively the gratuitous preparation of pious young men of the Roman Catholic faith, for the ministry in that church."

That the principal building called the Upper House is occupied by the Seminarians, preparing for the priesthood, none of whom pay anything; the College or Lower House is a preparatory department, occupied in the basement by a family which attends to the cooking for the boys; the upper stories contain a chapel, and apartments occupied by from eighty to one hundred boys, very few of whom pay the whole amount necessary for their support, not more than six or eight; others pay part; about one-half pay nothing, and about one-fifth are clothed gratuitously.

That payment of any kind for tuition is not the condition of the entry of any pupil; but any are allowed to pay what they will or can. And that the said colleges are not conducted for, or in any manner productive of, pecuniary profit or emolument.

That they are supported by donations and alms gathered from the different parishes throughout the United States; and that the same is purely a charity.

This proof brings the case clearly within the decisions rendered at the present term, in the cases of *St. Peter's Academy, St. Alphonsus' Hall, and St. Lawrence's School,* (p. 321, *ante,*) all of which were held to be exempt from assessment and taxation, under the 2nd section of the Act of 1876.

It follows that the property named in the petition in this case, that is to say, the college buildings with their equipments, and the ground ·on which they stand, have been erroneously assessed for taxation, and ought to be stricken from the tax list.

With respect to the land mentioned in the affidavit and the other buildings and improvements thereon, these are not claimed by the petition to be exempt, and it is clear that they are liable to assessment and taxation under the Act of 1876.

The fact that the revenue derived therefrom is appropriated and used for the purposes of the charity does not entitle them to exemption, as was decided in *Co. Commissioners vs. The Sisters of Charity of St. Joseph,* 48 *Md.,* 34, and in the case of *St. Mary's Seminary,* at the present term, (p. 343, *ante.*)

The order of the Circuit Court will be reversed and the record remanded.

*Order reversed, and*
*record remanded.*

(Decided 26th February, 1879.)