THE FREDERICK ELECTRIC LIGHT AND POWER COMPANY *vs.* THE MAYOR AND ALDERMEN OF FREDERICK CITY, AND LEWIS M. NIX-DORFF, CITY TAX COLLECTOR.

*Exemption from Taxation of Manufacturing Industries — Electric Light Company Not a Manufacturing Industry.*

The Legislature authorized Frederick City to exempt from municipal taxation, for the purpose of encouraging manufactures, the machinery, &c., used in the business of manufacturing in that city. An ordinance of the city then provided "that the machinery and manufacturing apparatus of all manufacturing industries" established there within a certain time should be exempt from taxation for five years. *Held*, that an electric light company is not a manufacturing industry within the meaning of the exemption.

The industries contemplated by the ordinance are such as making articles for sale, &c., and which by the employment of labor and capital benefit the community at large. They were intended to be such as might go elsewhere, and not such as must be located in that city, such as an electric light company.

The statutes authorizing the creation of electric light companies do not put them in the same class with manufacturing companies, but they form a class by themselves.

Appeal from a decree of the Circuit Court for Frederick County (McSHERRY, C. J., and LYNCH, J.), dismissing appellants' bill of complaint asking that the appellees be enjoined from collecting taxes claimed to be due upon the electric light plant of the appellant.

The case was argued before BRYAN, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*Frank L. Stoner* and *Skipwith Wilmer* (with whom were *Randolph Barton* and *James M. Ambler* on the briefs), for the appellant.

*P. Frank Pampel, City Attorney*, for the appellees.

BOYD, J., delivered the opinion of the Court.

A bill in equity was filed by the appellant to enjoin the Mayor and Aldermen of Frederick City and the City Tax Collector from collecting certain taxes alleged by them to be due.   In 1882 the Legislature passed an Act, which is now Art. 11, sec. 266, of the Local Code, whereby it authorized the Mayor and Aldermen " whenever it shall seem to them expedient for the encouragement of the growth and development of manufactures and manufacturing industry in the city of Frederick, to provide by general ordinance for the  *  *  *  *  *  exemption from taxation for municipal purposes upon any mechanical tools or implements, whether worked by hand or steam, or other motive power, machinery, manufacturing apparatus, or engines, owned by any individual, firm or corporation in said city, and properly subject to valuation and taxation therein, which said tools, implements, machinery, apparatus or engines shall be actually employed and used in the business of manufacturing in said city," etc.   On February 4, 1891, they passed an ordinance providing " that the machinery and manufacturing apparatus of all manufacturing industries established within the corporate limits of Frederick within two years next succeeding the date of the passage of this ordinance and actually employed or used in the business of manufacturing in Frederick City " shall be exempt from taxation for five years.

The bill alleges that the appellant located its manufacturing plant in Frederick City within the prescribed time and has since then been engaged in the manufacture of electricity.   The appellees filed an answer in which they allege that the plant of the appellant is not included in the exemption, as it is not comprehended within the term " manufacturing industries."   The controversy therefore raised by the pleadings is whether an electric light company is a manufacturing industry within the meaning of that ordinance.

In determining this question we do not deem it necessary to attempt a scientific discussion of what electricity is.   Nor

do we think we can gather much assistance from encyclopedias, dictionaries or other books endeavoring to define it. Whether an electric light company can properly be said to "manufacture" electricity or whether it simply brings into action that which is already made, we need not determine. The Mayor and Aldermen of Frederick have by virtue of a supposed authority granted them by the Legislature, undertaken to exempt certain property from municipal taxation and we are simply to determine whether the appellant can reasonably be said to be within the meaning and intention of this legislation. In doing that, we should not be too technical or wholly governed by the strict definitions of words used by the Legislature, but we must ascertain the purpose of the law, so far as it is disclosed in the statute and ordinance, and then see what its language means to the average mind—keeping in view the general principle of law applicable to all statutes and ordinances which are intended to exempt from taxation property which would otherwise be liable to it.

The purpose of the law is declared by the ordinance to be " for the encouragement of the growth and development of manufactures and manufacturing industries in Frederick City." The exemption embraces " the machinery and manufacturing apparatus of all manufacturing industries " established in the city within two years. Now, would the term " manufacturing industries " strike the mind of the average man when used in the above connection as including an electric light plant? We mean by the " average man " one of fair and ordinary intelligence, such as a Legislature or town council might be composed of, but not one who looks at everything from a technical or scientific standpoint. In speaking of the manufacturing industries of a town or city we would not ordinarily include the electric light plant, if it had one, as most towns of much less size than Frederick have. In advertising a city or town as a desirable place for manufactures, the fact that it was lighted with electricity might be mentioned, just as good roads or streets,

pure water, healthy climate or other attractions might be, but if a list of its manufactures were to include the electric light plant amongst them, it would be looked upon as an effort to enlarge the number beyond what the facts justified. If a company proposed to manufacture armatures, lamps or other electrical appliances, one would think of it as a manufacturing industry, but not so of an ordinary electric plant for furnishing electricity.

But if an electric light plant is conceded to be in a certain sense a "manufacturing industry," it is not necessarily such an one as this ordinance meant.    Can it be contended that if the owner of one of the hotels or other large houses of the city of Frederick has a private electric plant to light his own property, that it is exempt from taxation because it is a manufacturing industry?    The fact that the appellant " lights houses by electricity for compensation " cannot give it more right to exemption, if as much, than the one who uses it only for his own purposes, and the one would be a manufacturing industry as well as the other.    Companies furnishing artifical gas have been held to be manufacturing companies, but would the plant of a person who makes his own gas be exempt as a manufacturing industry under this ordinance ?    It seems to us clear that the ordinance does not have such a broad meaning.    It would be impossible to enumerate all the manufacturing industries that may have been intended, but it is evident that they were such as manufacture articles that are to be made, handled, sold, etc., and would necessitate the employment of labor and capital, that would benefit the community at large.    They were intended to be such as might go elsewhere—not such as must locate in Frederick.    An electric light company to light the streets and houses of that city must go there, and not to Baltimore or other place offering inducements to manufacturers.

The object of the ordinance was to encourage, as we have already seen, " the growth and development of manufactures and manufacturing industries."    How could that be

accomplished by exempting an electric light plant ?   It is a rare thing to see a town of one-third the size of Frederick City without one.   Is it reasonable to suppose that it was thought necessary to exempt from municipal taxation the plant in order to induce an electric light company to establish one in Frederick ?   Could it ever have been within the contemplation of the Mayor and Aldermen of Frederick who passed that ordinance that any electric light company that came there within two years would be exempt from taxation for five years ?   Webster defines "industry," when used in this connection, to be "any department or branch of art, occupation or business; especially one which employs much labor and capital, and is a distinct branch of trade ; as the sugar industry ; the iron industry ; the cotton industry."   An electric light plant does not require the employment of "much labor"—on the contrary, two or three men can probably run the "machinery and manufacturing apparatus" of a company that only runs at night, and four or five could run them day and night, and it would hardly be contended that those terms would apply to and exempt the poles, wires, lamps, etc., of an electric light company.   Nor is there likely to be any considerable increase in the employment of labor connected with it.   A manufacturing establishment, such as we ordinarily think of in connection with that term, may have a very small beginning and develop into a large concern, and thereby benefit the community by the employment of labor and distribution of large sums of money, but it is not probable, if possible, that such results could ever follow from an electric light plant. We do not, therefore, think that an electric light company is within the object or contemplation of the ordinance before us, and it is not the kind of an enterprise meant by manufacturing industry, as therein used.

It must, we think, at least be conceded by the appellant that there is a reasonable doubt as to whether it was intended to be exempted.   In the *Mayor, etc., of Baltimore* v. *Grand Lodge of Accepted Masons*, 60 Md., 280, the

general principle of law applicable to a case of this kind is there concisely stated: " The right of taxation is never presumed to be relinquished, and before any party can rightfully claim an exemption from the common burden, it is incumbent upon that party to show affirmatively that the exemption claimed is authorized by law. If there be a real doubt upon the subject, that doubt must be resolved in favor of the State, and it is only where the exemption is shown to be granted in terms clear and unequivocal that the right of exemption can be maintained."

The appellant has laid such stress upon the views adopted by several Courts of other States. In the case of the *State ex rel. Brush Electric L. Co.* v. *Wemple*, 129 N. Y. 543, the Court held that an electric light company was within the exemption from taxation made by a statute which exempted " manufacturing corporations, carrying on manufactures within this State," from the taxation imposed on certain corporations. The Court determined that the relator was a manufacturing corporation under the laws of that State and as such was exempt under the statute. In passing on the question, O'BRIEN, J., said: " In determining whether a given case is within a clause in a statute exempting certain property or interests from taxation, the policy of the law in making the exemption must be considered, and should have great weight "—a principle which we have sought to apply above. It is shown in that case that there had been a controversy for some time between the State and the companies as to whether electric lighting and power companies were within the exemption. It was finally settled by the Legislature declaring that they should not thereafter be deemed to be within the exemption clause, but the taxes in controversy in the above case covered a time prior to the passage of the last mentioned act, and under the construction of the statute by that Court, they were held to be exempt.

The case of the *Commonwealth* v. *Northern Electric Light and Power Company*, 145 Pa. St. 105, was cited by both sides. There the Court below held that the electric com-

pany was not a manufacturing company, but the Supreme Court of Pennsylvania, after referring to some of the theories as to what electricity is, said : " The scientist whose views the learned Judge adopted, may be right or wrong. We have no need to decide that question. Laws are written ordinarily in the language of the people, and not in that of science, and if this case depended on the question on which it turned in the Court below, we should be led by the findings of fact to a different conclusion of law from that which was there reached, and hold that the company was a manufacturing company. But we think the controlling question in this case is that of the sense in which the words "manufacturing companies" are used in the statute under consideration."

In that case the question was whether an electric company was included within the terms of the statute which abolished a tax on the capital stock of manufacturing corporations and the Court examined the statutes of the State to ascertain what the Legislature meant by manufacturing corporations and held that the electric company was not embraced under that term within the meaning of the Act. The Court, referring to the fact that a company supplying illuminating gas was in the general sense of the word a manufacturing company, yet it was not so within the meaning of their corporation laws, and said that companies that furnished light and water to the citizens of a municipality performed *quasi* public or municipal functions, but " have never been included in any legislation provided for the encouragement and protection of manufacturing corporations, and have no right to share in the benefit of such legislation. They really form a class by themselves."

It is not necessary for us to determine whether Art. 23, sec. 19, class 6 of the Code, which provides for the formation of corporations, "for carrying on in this State any kind of manufacturing, ship-building, mechanical, industrial or chemical business, and for the sale, transportation or other disposition of the products thereof," etc., was broad

enough to authorize electric light companies to be formed under it prior to 1886, when several laws were passed looking to the formation of electric companies. A liberal construction should be given provisions of that kind in determining whether a corporation has been legally organized, as it is not always easy to decide whether a company should be chartered by special act or under the general law, and the consequences that might follow a mistake on that subject may very seriously affect those interested, but when we come to consider whether a company is exempted from taxation by certain terms used in a law, the doubt, if any, must generally be solved in favor of the taxing power.

When the ordinance before us was passed (February 4, 1891), the Legislature had expressly provided for the formation of electric companies and placed them in classes of their own. When the general incorporation laws were adopted in 1868 the only companies using electricity that were specially provided for were telegraph companies, which were placed in section 24, class 11 of that Act. In 1884 telephone companies were added to that class, and by the Act of 1886, chap. 161, another section was added to be known as section 24, class 11*a*, which provided for the formation of companies "for the transaction of any business in which electricity over or through wires may be applied to any useful purpose." In the Code of 1888 those two classes were combined so that section 24, class 11 of Art. 23 now reads, "for constructing, owning or operating telegraph or telephone lines in this State, when the principal office of said corporation is located in this State, and for the transaction of any business in which electricity over or through wires may be applied to any useful purpose". By chap. 306 of the laws of 1886, sec. 30, class 17, which originally only authorized the formation of gas light companies was amended so as to include electric light companies. Another section was added by this last mentioned Act, which provided that "any electric light company formed under this Article shall have full power to manufacture and

sell and to furnish such quantities of electric light or elec-
tric power as may be required or desired in any city or town
of Kent or Talbot Counties," and then grants certain powers
in building the lines, etc.   Still another section provides that
nothing in the Act shall authorize the incorporation of elec-
tric light companies for the purpose of carrying on business
in Baltimore ·City.   These two sections are embraced in one
in the Code, being sec. 111 of Art. 23, and since then
there have been several amendments adding other counties.
The provisions of this Act of 1886 are peculiar, as they
authorize the formation of electric light companies in one
section without any restriction and apparently intended to
include the whole State, excepting Baltimore City, and yet
in another section gives powers to do certain things in the
two counties mentioned that would probably be necessary
wherever the business was conducted.   But in this case we
need not attempt to reconcile the several sections, as we
only refer to these Acts of Assembly to show that before
the ordinance was adopted the Legislature had in the laws
providing for the creation of corporations distinguished
electric light companies from those carrying on " any kind
of manufacturing, ship building, mechanical, industrial or
chemical business."   If, therefore, it be conceded that in a
certain sense electric light companies are " manufacturing
companies," as was done in the Pennsylvania case, *supra,*
it must still be admitted that since 1886 they have not been
classified under that head in this State and have not been
recognized as such by our general corporation laws.   It
would be an unwarranted construction of this ordinance to
say that the Mayor and Aldermen of Frederick intended to
include this company within what are ordinarily termed
"manufacturing companies" when the statute authorizing
the creation of such companies as the appellant excluded
them from that class by placing them in another class.   We
think it clear that an electric light company is not included
within the terms "manufacturing industry" as used in this
ordinance.

Although the constitutionality of the Act of 1882, chap. 208, was argued, it was not raised by the pleadings and we do not deem it necessary to pass upon it. Having determined that the appellant is not within the meaning of the ordinance upon which it relies for exemption from taxation, no good can be accomplished by discussing the constitutionality of the statute. If we reach the conclusion urged upon us by the appellees that the law was unconstitutional, it would only be an additional reason for deciding the case as we do, and if we were of the contrary opinion we would be determining an important question that is wholly unnecessary for the purposes of this case.

For the reasons given we will affirm the decree of the Court dismissing the bill.

> *Decree affirmed with costs to the appellees.*

(Decided January 6th, 1897).

FOWLER, J., dissents.