STATE TAX COMMISSION OF MARYLAND, ET AL. *v.*
BALTIMORE BLOCK & TILE CO.

[No. 31, April Term, 1942.]

*Decided May 27, 1942.*

The cause was argued before SLOAN, DELAPLAINE,
COLLINS, FORSYTHE, and MARBURY, JJ.

*Robert R. Bowie, Assistant Attorney General,* and *Michael J. Hankin, Assistant City Solicitor of Baltimore,* which whom were *William C. Walsh, Attorney General,* and *F. Murray Benson, City Solicitor of Baltimore,* on the brief, for the appellants.

*Charles D. Harris,* with whom were *France, Rouzer & Lentz* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by the State Tax Commission of Maryland and the Mayor and City Council of Baltimore to this court from an order of the Circuit Court of Baltimore City that the action of the State Tax Commission of Maryland in assessing certain tools and machinery of the Baltimore Asphalt Block and Tile Company be reversed, the State Tax Commission of Maryland having held that these tools and machinery were not exempt from taxation and an appeal having been taken to the Circuit Court of Baltimore City from that action of the State Tax Commission.

According to the testimony of the City Engineer, the City of Baltimore contracts with the appellee for a sheet asphalt street. The appellee then removes everything from the street above the earth, which is put to grade. It then lays concrete as a base, usually by mixing it on the street in a concrete mixer, except in congested areas, where it buys the concrete, a so-called ready-mixed concrete, from a company that produces it and takes it to the street. The appellee then manufactures at its plant in Baltimore City an asphalt paving mixture by combining and heating asphalt, crushed stone, sand, gravel and other ingredients. It must be heated to a temperature between 260 and 350 degrees Fahrenheit. If it is properly mixed and the temperature is satisfactory to the city inspector, it is then dropped into a water-tight truck with a clean body and is covered with a cover to prevent the loss of heat. It is then taken to the street where it is to be dumped and as it is dumped the city

inspector takes a temperature reading there. If the reading is below 250 degrees Fahrenheit, it is worthless and sent to a dump. If the temperature is satisfactory, the asphalt is laid in an inch and one-half binder course and an inch and one-half of topping course on the concrete base. The binder course is a mixture of sand and stone of the proper grade and asphalt cement to bind it together. After that course is laid and rolled, there is a course of topping, which is a mixture of sand and limestone dust filler. Asphalt cement is laid on top of that and rolled with rollers at least four times in different directions after being raked. After the street is cold, samples of the asphalt are taken on which tests are made for tensile strength and to see if it has been rolled enough at proper temperature.

The only authorities for such an exemption are an enabling statute passed by the Legislature, Subsection (23) of Section 7 of Article 81, Code, 1939; Section 6, Subsection (28) (C) of the Baltimore City Charter and Public Local Laws (1938 Edition) and Ordinance No. 462 of Baltimore City (codified in the Baltimore City Code of 1927 as Article 46, Section 84).

Ordinance No. 462, *supra,* provides in part as follows: "In order to encourage the growth and development of manufacturing industries in Baltimore City * * * all personal property of every description owned by any person, firm or corporation and *used entirely or chiefly in connection with manufacturing* in Baltimore City, including mechanical tools, or implements, whether worked by hand or steam or other motive power, machinery, manufacturing apparatus or engines, raw material on hand, manufactured products in the hands of the manufacturer, * * * shall be exempt from taxation for all ordinary municipal purposes. * * *" (Italics added.) Section 6, Subsection (28) (C), *supra,* limits the exemption to *personal property actually employed or used in the business of manufacturing in said city.* Subsection (23) of Section 7 of Article 81, *supra,* provides that exemptions shall be strictly construed and limits exemp-

tion to tools and machinery *used in manufacturing*. The State Tax Commission assessed all the machinery, tools, trucks, appliances and materials of the appellee and divided the same into three groups, which we will designate as A, B and C.

A—is all machinery and tools in the main plant in Baltimore City.

B—is all machinery and tools not located at the main plant but used in mixing concrete away from the plant on the various streets being improved with modern sheet coverings of asphalt.

C—Tools and machinery used in transporting the asphalt mixture from the appellee's plant to the site upon which this asphalt mixture is to be laid for street paving, and those tools and machinery which are actually used in laying this asphalt mixture in the street bed for street paving.

The State Tax Commission exempted the items in Class A. The appellee admits that articles in group B are not used for manufacturing purposes and hence are taxable.

According to the stipulation filed in the case, the only question before this court is whether the tools and machinery in group C, which have been assessed by the State Tax Commission as subject to both State and Baltimore City taxation, *are used entirely or chiefly in connection with manufacturding in* Baltimore City and by virtue of Ordinance 462 of Baltimore City, *supra*, are therefore exempt from taxation for all ordinary municipal purposes. As the enabling Act, Article 81, Section 7, Subsection 23 of the Code of 1939, uses the words "used in manufacturing," we should also consider these words in applying the test.

Appellant contends that these exemptions are given primarily to attract new industry to the community in order to increase the local wealth, promote employment and raise payrolls, that as such paving can be done only in the community where the streets are to be laid it is pointless to grant exemptions to this activity in order

to attract its location in Baltimore City. They stress the case of *Frederick Electric Co. v. Frederick City,* 84 Md. 599, 36 A. 362, 36 *L. R. A.* 130. In the instant case it is evident that the asphalt plant could have been located beyond the limits of Baltimore City and still have done the paving work by transporting the hot mixture from beyond the city limits. We, therefore, do not see the force of this contention.

The unbending rule requires strict construction of tax exemption statutes. In making such construction, however, the effect of legislative intent should be considered and no construction should be made which in effect violates the very purpose for which tax exemption statutes and ordinances are passed. *Baltimore v. Hanover Shirt Co.,* 168 Md. 174, 178, 177 A. 160, 161. Applying this rule of construction, are the tools and machinery in question used "entirely or chiefly in connection with manufacturing" or "used in manufacturing"? In this case the mixing and heating of the mixture at the plant is conceded by all parties to be manufacturing. Is the operation of transporting the hot asphalt mixture from the plant and laying it as street paving manufacturing?

This court held in *Carlin v. West Assurance Co.,* 57 Md. 515, 526, 40 *Am. Rep.* 440, that a flour mill was a manufacturing plant. In *Consolidated Gas Co. v. Baltimore,* 62 Md. 588, 50 *Am. Rep.* 237, it was decided that the gasometer for the storage of gas and the gas mains and pipes for the distribution thereof were not used in the manufacture of gas. In *Frederick Electric Co. v. Frederick City, supra,* it was held that an electric light plant was not a manufacturing industry under the statutory exemption. In *County Commissioners of Carroll County v. B. F. Shriver Co.,* 146 Md. 412, 126 A. 71, it was decided that a canning company engaged in the canning of vegetables by machinery was a manufacturer within the statute. In *Baltimore v. State Tax Commission,* 161 Md. 234, 155 A. 739, it was held that the machinery, tools and materials of a plant where the hulls of steel vessels are cut into sections and then shipped

to furnaces, while not producing a finished article ready for use, yet reduce the hulls of steel vessels into products of commercial use regularly quoted in a recognized trade paper and were, therefore, used in manufacturing and were within the statute. In *Baltimore v. Hanover Shirt Co., supra*, it was held that a company which purchases materials for making shirts and by cutting and other methods converts this material into finished shirts is a manufacturer within the exemption statute, even though the sewing of said shirts was performed by another company outside of Baltimore City.

In examining the out-of-State cases on the point as to whether the paving operation is manufacturing, some arise under the Bankruptcy Act, 11 U. S. C. A., Sec. 1 et seq., but these are not helpful because that Act must be construed liberally. A number of cases are cited under the Pennsylvania statute exempting from taxation the capital stock of any corporation organized exclusively for manufacturing purposes. In those cases the court held that the business of the corporation should be judged as a whole and that the status was not lost by the erection of structures as incidental work.

A number of other cases are cited by the appellee, but it does not appear that the companies were engaged in paving or road building. The New Jersey case of *Passaic Transit Concrete Co. v. Martin*, 19 N. J. Misc. 369, 19 A. 2d 681, stressed by the appellee, turns on the question as to whether 50 per cent. of the capital of the corporation was used in manufacturing. The Illinois case of *Dolese & Shepard v. O'Connell*, 257 Ill. 43, 100 N. E. 235, is not in point, as the court did not find that the company was engaged in constructing roads or bridges.

The New York statute exempts from the license tax domestic corporations wholly engaged in manufacturing. The courts of that State have held that the making of the paving compound, such as asphalt mixture, is a production of a new and distinct substance which constitutes manufacturing within the meaning of the statute, but that the preparation of a street for the laying of the

pavement and placing of the paving thereupon is not in any sense a process of manufacture. *Syracuse Imp. Co. v. Morgan*, 59 App. Div. 302, 60 N. Y. S. 263. These cases sustain the contention of the appellants.

Judge Pattison said in the case of *County Commissioners of Carroll County v. B. F. Shriver Co., supra*, 146 Md. at page 417, 126 A. page 72: "It is difficult to say in the abstract what is and what is not a manufacturing industry. What might be a manufacturing industry when defined or construed in connection with a statute exempting tools, machines, engines, etc., from taxation might not be so held when considered in connection with a statute having a different object or purpose. As said in 26 *Cyc., Manufacturers*, 524: 'There is, of course, a multitude of cases in which particular industries and products have been held respectively to be or not to be manufactured, but it would be useless to cite these cases under the names of the industries or products there the subject of decision; * * * since the facts that a given thing or industry has been held to be manufactured under one set of ciircumstances is no assurance that it will be so held under another'." *Baltimore v. Hanover Shirt Co., supra*.

The term "manufacturing industries" includes those industries which striike the mind of the average man as manufacturing. *Frederick Electric Co. v. Frederick City, supra; H. M. Rowe Co. v. State Tax Commission*, 149 Md. 251, 131 A. 509.

The secretary of appellee's company testified as follows: "Q. What does your company manufacture? A. A mixture used in the covering of a street.

"Q. A mixture used in the covering of a street. What kind of mixture? A. It is an asphalt mixture made out of binder stone, three-quarters of an inch stone, and asphalt and sand for the binder course. Then the top course is out of sand, limestone dust and asphalt." It is admitted by the appellee that the machinery in Class B, *supra*, used in the operation of mixing concrete on the street, is not manufacturing. It is difficult to under-

stand that if this equipment used in mixing the concrete on the street, which is an essential part of the paving operation is not manufacturing, why the machinery and tools in Class C, *supra*, used in transporting the mixtures of asphalt to the site and in spreading, laying and rolling said mixtures would be exempt. If the concrete mixing apparatus is not manufacturing, why is the equipment used in hauling and spreading the asphalt mixture manufacturing? To the average mind this operation on the street is construction work and not manufacturing. Would not the average mind think of constructing a street, not of manufacturing a street?

As was said by Judge Boyd in the case of *Frederick Electric Co. v. Frederick City, supra,* 84 Md. at pages 603 and 604, 36 A. page 362, 36 *L. R. A.* 130: "It must, we think, at least be conceded by the appellant that there is a reasonable doubt as to whether it was intended to be exempted. In *Mayor, etc., of Baltimore v. Grand Lodge of A. F. Accepted Masons,* 60 Md. 280, 283, the general principle of law applicable to a case of this kind is there concisely stated: 'The right of taxation is never presumed to be relinquished, and, before, any party can rightfully claim an exemption from the common burden, it is incumbent upon that party to show affirmatively that the exemption claimed is authorized by law. If there be a real doubt upon the subject, that doubt must be resolved in favor of the State, and it is only where the exemption is shown to be granted in terms clear and unequivocal that the right of exemption can be maintained'." *Cooley on Taxation,* 4th Ed., Vol. 2, Sec. 672; *H. M. Rowe Co. v. State Tax Commission, supra; Frederick County Comrs. v. Sisters of Charity,* 48 Md. 34, 40-43; *Redemptorists v. Howard County Comrs.* 50 Md. 449; *Appeal Tax Court v. St. Peter's Academy,* 50 Md. 321, 343; *Anne Arundel County Com'rs v. Annapolis & E. R. R. Co.,* 47 Md. 592, 611, 614; *Sutherland on Statutory Construction,* 2nd Ed., Vol. 2, Sec. 364; *Endlich on Interpretation of Statutes,* 1888 Ed., Sec. 356; *Knights of Pythias v. Baltimore,* 157 Md. 542, 549, 146 A. 744.

628

We, therefore, conclude that the machinery and tools in Class C, *supra*, the subject of this appeal, are not exempt from Maryland State taxes or from Baltimore City taxation by virtue of Ordinance 462 of Baltimore City, as they are not used entirely or chiefly in connection with manufacturing or used in manufacuring.

> *Order reversed, with costs, and case remanded for the passage of an order in conformity with the opinion herein expressed.*