626 A.2d 360

STATE DEPARTMENT OF ASSESSMENTS AND TAXATION

v.

CONSUMER PROGRAMS, INCORPORATED.

STATE DEPARTMENT OF ASSESSMENTS AND TAXATION

v.

M.C.N., INC.

Nos. 107, 108, Sept. Term, 1991.

Court of Appeals of Maryland.

June 24, 1993.

David M. Lyon, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellants.

Ronald B. Rubin (Terry A. Bauman, Shea & Gould, all on brief), Washington, DC, for appellee in No. 107.

No argument on behalf of appellee in No. 108.

Philip M. Moilanen, Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C., Jackson, MI, Peter Driscoll, Columbia, for Photo Marketing Ass'n Intern.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

Consumer Programs, Inc. ("CPI"), and MCN, Inc., are "one hour" photo-finishing businesses. CPI is a national corporation with eleven separate locations in Maryland. CPI locates its operations in shopping malls. MCN, a family-owned business, has only one location. MCN is situated in a retail commercial area, although not in a mall. In its personal property tax return for 1987, CPI requested that its photo

processing equipment and raw materials be granted the manufacturer's exemption from personal property tax. MCN requested the manufacturer's exemption in its 1986 and 1987 returns. The two taxpayers claimed that the machinery and raw materials used to convert exposed film into negatives, prints, enlargements and slides are exempt from personal property tax pursuant to Maryland Code (1986), §§ 7–225 and 7–226 of the Tax–Property Article. Section 7–225(a) of the Tax–Property Article provides in pertinent part as follows:

"(a) *General exemption*—... if used in manufacturing, the following personal property, however operated and whether or not in use, is not subject to property tax:

(1) tools;

(2) implements;

(3) machinery; or

(4) manufacturing apparatus or engines."

Section 7–226(a) of the Tax–Property Article provides in pertinent part as follows:

"(a) *General exemption.*—... raw materials and manufactured products in the possession of a manufacturer are not subject to property tax."

Each taxpayer's request was initially denied by the State Department of Assessments and Taxation. Each taxpayer appealed the denial to the Maryland Tax Court, which conducted trials on the merits of each case on the same day. The Tax Court on June 27, 1990, issued its Memorandum of Grounds for Decision in the CPI case, and adopted that opinion in the MCN case. In its Memorandum, the Tax Court affirmed the denial of exempt status as to each taxpayer. The Tax Court, noting that the statute does not define "manufacturing" or "manufacturer," took the position that there are two primary factors to be considered in making the determination: (1) the scale and character of the operation, and (2) whether the operation fits the common understanding of the word "manufacturing." The Tax Court went on to hold that the photo-finishing operations did not meet the first factor because of the small scale and retail character of the locations.

The court held that the photo-finishing operations met the second factor, in that the ordinary person would observe the substantial transformation which the raw materials undergo to form the finished product, and would consider the process to be manufacturing. The Tax Court concluded, however, that both factors must be present for the exemption to apply and that, therefore, the exemption must be denied.

Each taxpayer sought judicial review of the Tax Court's decision in the Circuit Court for Montgomery County. The circuit court issued an order and opinion in the CPI case on May 28, 1991, reversing the Tax Court, and on the same day adopted that order and opinion in the MCN case. The circuit court held that "the determinative factor in deciding whether a taxpayer's operations consist of manufacturing appears to be whether a product has gone through a substantial transformation in form and uses from its original state." Pointing out that the Tax Court had found that the process involved sufficient transformation of the product in the case at bar and had granted the manufacturer's exemption to other photo-finishing businesses in the past, the circuit court held that the manufacturer's exemption should apply to the taxpayers here. The circuit court concluded:

> "For the Tax Court to completely disregard their prior holdings ... as well as the directives of the Court of Appeals in applying the substantial transformation test, and deny CPI's requested exemption based solely on their size and location is clearly erroneous. Accordingly, this Court shall pass an Order reversing the decision of the Maryland Tax Court in this matter."

The State Department of Assessments and Taxation appealed both cases to the Court of Special Appeals. This Court then issued writs of certiorari prior to arguments in the intermediate appellate court. Since the two cases present the same issue, we shall address them together in one opinion.

▆▆▆ The decisions of the Maryland Tax Court, an administrative agency of the executive branch of the State govern-

ment,[1] are subject to judicial review pursuant to Code (1988, 1992 Cum.Supp.), § 13–532 of the Tax–General Article. In an action for judicial review, the Tax Court's factual conclusions will be upheld if supported by substantial evidence in light of the record as a whole, *CBS, Inc. v. Comptroller of Treasury,* 319 Md. 687, 575 A.2d 324 (1990). A reviewing court will reverse a decision of the Tax Court, however, if the agency erroneously determines or erroneously applies the law. *See, e.g., Roach v. Comptroller,* 327 Md. 438, 610 A.2d 754 (1992); *Friends School v. Supervisor,* 314 Md. 194, 550 A.2d 657 (1988); *Supervisor of Assessments v. Asbury Methodist Home, Inc.,* 313 Md. 614, 626–628, 547 A.2d 190, 196 (1988); *Supervisor v. Chase Assoc.,* 306 Md. 568, 574, 510 A.2d 568, 571 (1986); *Ramsay, Scarlett & Co. v. Comptroller,* 302 Md. 825, 834, 490 A.2d 1296, 1301 (1985); *Macke Co. v. Comptroller,* 302 Md. 18, 485 A.2d 254 (1984). We shall conclude in this case that the Tax Court erred as a matter of law in construing and applying the statute.

As previously mentioned, §§ 7–225 and 7–226 of the Tax–Property Article do not define "manufacturing." In construing and applying these statutory provisions, this Court has been guided by the legislative purpose and history of the exemption, which is to encourage the location, development and growth of industry in Maryland. *See, e.g., Macke Co. v. St. Dep't of Assess. & T.,* 264 Md. 121, 285 A.2d 593 (1972); *Pan Am. Sulphur Co. v. State Dep't of Assess. & T.,* 251 Md. 620, 629, 248 A.2d 354, 359 (1968); *H.M. Rowe Co. v. Tax Commission,* 149 Md. 251, 257, 131 A. 509, 511 (1925); *County Commissioners of Carroll County v. B.F. Shriver Co.,* 146 Md. 412, 413, 126 A. 71, 71 (1924). In defining the words "manufacture" or "manufacturing," the Court has also been guided by the normal, non-technical, meaning of the words. *See Mayor and City Council of Baltimore v. Hanover Shirt Co.,* 168 Md. 174, 177 A. 160 (1935); *H.M. Rowe Co. v. Tax Comm'n, supra; Commissioners of Carroll County v. B.F. Shriver Co., supra; Elec. Light Co. v. Frederick City,* 84 Md.

---

1. *See Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A.2d 521 (1975).

599, 36 A. 362 (1897); *Carlin v. West Assurance Co.*, 57 Md. 515 (1882).

*Webster's Third New International Dictionary* 1378 (1981) sets forth several definitions of the verb "to manufacture," including "to make (as raw material) into a product suitable for use," "to make from raw materials by hand or by machinery," and "to produce according to an organized plan and with division of labor." In addition, *Webster's* defines a "manufacturer" as "one who changes the form of a commodity or who creates a new commodity." *Black's Law Dictionary* 1117 (West, 4th rev. ed., 1968) contains the following entry for the verb 'manufacture': "From Latin words manus and factura, literally, put together by hand. Now it means the process of making products by hand or machinery." [2]

▐ In accordance with these definitions, this Court has stated that "the determinative factor appears to be whether a product has gone through a substantial transformation in form and uses from its original state." *Perdue v. St. Dep't of Assess. & T.*, 264 Md. 228, 237, 286 A.2d 165, 170 (1972), citing, *inter alia, Arnreich v. State*, 150 Md. 91, 100–101, 132 A. 430, 434 (1926) (defining "manufacturing" for purposes of a licensing statute as "the application to material of labor or skill whereby the original article is changed to a new, different and useful article ...". *See also Perdue Foods v. St. Dep't of A. & T.*, 264 Md. 672, 288 A.2d 170 (1972) (holding that a chicken processing plant was engaged in manufacturing, because it transformed live chickens into saleable consumer food items); *H.M. Rowe Co. v. Tax Commission, supra*, 149 Md. 251, 131 A. 509 (holding that merely assembling pre-printed sheets into binders did not convert the sheets into a different form, adapted for different uses; thus, the process was not considered manufacturing); *Commissioners of Carroll County v. B.F. Shriver Co., supra*, 146 Md. 412, 126 A. 71 (holding that transforming corn still in the husk and on the cob into ready-

---

2. *Black's Law Dictionary* cites a decision of this Court, *Mayor and City Council of Baltimore v. Hanover Shirt Co.*, 168 Md. 174, 177 A. 160 (1935), in explanation of its definition.

to-cook canned corn constituted manufacturing). *See general-ly* Annotation, *What constitutes manufacturing and who is a manufacturer under tax laws?* 17 A.L.R.3d 7, § 3 (1968, 1992 Supp.).

The Court acknowledged in *Perdue v. St. Dep't of Assess. & T., supra,* 264 Md. at 236, 286 A.2d at 169, that in some cases it may be "difficult to state with complete precision whether an activity is manufacturing" using the "substantial transformation" test alone. When application of this test has not resolved the matter, the Court has looked at secondary factors to determine if an activity otherwise has the "earmarks of ... manufacturing." *Mayor and City Council of Baltimore v. Hanover Shirt Co., supra,* 168 Md. at 180, 177 A. at 162, quoting *Baltimore v. State Tax Comm'n,* 161 Md. 234, 238, 155 A. 739, 741 (1931). These secondary factors include the "scale and character of the operation, including the number of employees" and the "common understanding of the word." *Macke Co. v. State Dep't of Assess. & T., supra,* 264 Md. at 129–130, 285 A.2d at 597.

If the "substantial transformation" standard does not satisfactorily resolve the matter, and if the particular activity is usually conducted on a large scale, with many employees, in an industrial area, then that process is more likely to be considered manufacturing than a process not involving these earmarks. *See, e.g., Baltimore v. State Tax Comm'n, supra,* 161 Md. 234, 155 A. 739 (holding that a company engaged in cutting retired warships into blocks which could be melted into steel was entitled to the exemption, even though it merely cut a large article into small pieces; the large scale and industrial character of the operation put it within the exemption); *State Tax Comm. v. Block & Tile Co.,* 180 Md. 620, 26 A.2d 371 (1942) (holding that equipment used in hauling and spreading asphalt for street paving is not manufacturing, primarily because the average person would not consider it manufacturing). As the Court stated in *Elec. Light Co. v. Frederick City, supra,* 84 Md. at 601, 36 A. at 363, "we are simply to determine whether the [operation] can reasonably be said to be within the meaning and intention of this legislation. In

doing that, we should not be too technical or wholly governed by the strict definitions of words...."

The Tax Court in the case at bar found that CPI's and MCN's photo-finishing process met the substantial transformation test. Nevertheless, the Tax Court held that the two primary factors in determining whether an operation is manufacturing were the scale and character of the operation, and the common understanding of the word. In doing so, the Tax Court applied incorrect legal standards. As previously discussed, the most important factor is whether the product has undergone a substantial transformation. *See Perdue v. St. Dep't of Assess. & T.*, *supra*, 264 Md. at 236, 286 A.2d at 170. Although considerations of scale, character, and popular understanding may be important, they are secondary to the substantial transformation factor.

In this Court, the Department acknowledges that the Tax Court has generally held that photo-finishing qualifies as manufacturing for purposes of the personal property tax exemption. *See Paramount Photo Service and Supply, Inc. v. State Department of Assessments and Taxation*, Maryland Tax Court, TP–C No. 314, 1 Maryland Tax Reports ¶ 200–564 (1968). The Department concedes that CPI's and MCN's photo-finishing process involves substantial transformation, and that photo-finishing generally, if not done in retail shopping areas, is manufacturing. In fact, the Department currently grants the manufacturer's exemption to other film developing companies which use the identical process that CPI and MCN use. The Department agrees that substantial transformation is necessary for a process to be manufacturing, but nevertheless argues that the scale, character, and common understanding factors are always necessary as well. The Department insists, in short, that proper size and location of the business are absolutely necessary prerequisites for the business to be considered as engaging in manufacturing.

Specifically, the Department contends that the small scale and retail location of the taxpayers' operations differentiate them from other photo-finishers which are operated on a

larger scale and not in retail shopping areas. The Department asserts that "CPI does not become a manufacturer because the operation of [another photo-finisher] has been so characterized.... Although the film processing done by both is identical, one could not accurately describe the mode of operation of both CPI and [the other photo-finisher] by saying each is a film processor. That would not fairly depict the entirely different 'work done in the course of [their respective] operations.'" (Brief, at 28–29, quoting *H.M. Rowe Company v. State Tax Commission, supra,* 149 Md. at 260, 131 A. at 512). In other words, according to the Department, regardless of the substantial transformation of the products, CPI and MCN cannot be considered manufacturers because of their relatively small sizes and retail locations.

We cannot agree with the Department's conclusions. Assuming arguendo that photo-finishing generally involves substantial transformation and constitutes manufacturing within the meaning of the statutes, a particular photo-finisher engaged in the identical process does not forego the exemption because it operates on a smaller scale and in a retail business area. Accepting for purposes of these two cases the Department's position that photo-finishing on a substantial scale and in a non-retail area is manufacturing, we do not believe that the classification drawn by the Department and the Tax Court is tenable.

The Department relies on *H.M. Rowe, supra,* arguing that the Court cannot simply look at what a business calls itself in determining whether it is a manufacturer. Thus, the Department argues, merely calling itself a film processor does not make a business a manufacturer, even though film processing is generally considered manufacturing. From this proposition, the Department incorrectly concludes that the Court must examine each taxpayer's operation individually, in its entirety, scrutinizing the scale and character of the operation in order to determine anew whether it is a manufacturer.

It is certainly true that the Court must look beyond labels to the actual business of the taxpayer. The question before

the Court in *H.M. Rowe*, however, was whether the taxpayers actually performed the manufacturing operations or left that work to independent contractors. In the *H.M. Rowe* case, the Court held that "[a] publisher may be a manufacturer or he may not, accordingly as he does or does not manufacture the books, magazines or other printed matter which he publishes." 149 Md. at 260, 131 A. at 512. Similarly, as long as the taxpayers are the owners and operators of the manufacturing machinery at issue, they are entitled to the exemption. *Cf. Pan Am. Sulphur v. State Dep't, supra*, 251 Md. at 625, 248 A.2d at 357 (holding that "the taxpayer seeking the exemption must be the one using the property for manufacturing purposes"). The *H.M. Rowe* case does not stand for the proposition that identical processes may be characterized differently under the same statute.

The process used by CPI and MCN is absolutely the same as a process which the Department concedes is "manufacturing" within the meaning of the exemption. Whether it is performed at a large plant in an industrial area, or at a small location in a retail area, the photo-finishing process is absolutely identical. If the process has been determined to be manufacturing for the purpose of the statute, the physical location or scale of the operation cannot change that characterization. The normal scale or location of the operation may be relevant to determining if a process constitutes manufacturing within the statute. Nevertheless, once it is determined that the process does constitute manufacturing, such characterization would logically seem to be applicable wherever the identical process is carried on.

The Department seems to deny the desirability of this basic parity of tax treatment for similarly situated taxpayers, arguing that "the standard is not just whether a transformation has occurred because if so, once the line for manufacturing has been crossed, the production of the same product under any circumstances would be so characterized." This argument reflects the Department's concern that, if the substantial transformation test is considered determinative, the Department will have to grant all businesses which produce the same

product, from the same raw materials, using the same equipment, the tax exemption. The Department apparently desires to retain the power to deny the exemption to smaller businesses, operated in a non-industrial area, on the basis of these characteristics alone.

The kind of line drawing according to scale or location advocated by the Department undoubtedly would lead to unfair results. If we were to adopt this approach, many businesses would be unable to predict whether their operations would qualify for the manufacturing tax exemption. They could not use the "manufacturer" status of other businesses as a guide, even if those businesses used the same equipment, raw materials and process to make identical products, because the new businesses might choose an insufficiently industrial location, or might commence operations on too small a scale.

The Department's approach might lead to re-evaluation of existing businesses on a yearly basis to determine if the operations still meet the scale and location requirements. For example, if a large photo processor met the test one year, but suffered a significant drop in production volume the next year, the Department might attempt to deny the manufacturer's exemption to the now-smaller business. It would be illogical to conclude that the same business ceases to be a manufacturing operation within the personal property tax exemption from one year to the next.

Finally, the Department argues that extending the manufacturer's exemption to these taxpayers would not serve the legislative purpose of bringing jobs and other economic benefit to the State. We disagree. The fact that manufacturing employment is provided by many small businesses in the aggregate, rather than by a few large concerns, does not make the economic contribution of the small businesses insignificant. Indeed, over the last decade, employment growth has occurred in Maryland's smaller manufacturing concerns, while employment in very large manufacturing businesses has declined. *See* U.S. Bureau of the Census, *County Business Patterns,*

(1981–1990) Maryland, Table 1 c. Even if this were not the situation, however, it would be for the General Assembly to decide that the exemption should be denied to smaller businesses solely on the basis of their size or location.

Moreover, this Court has indicated that treating identical processes differently for purposes of a manufacturing tax exemption might violate the United States Constitution and the Maryland Declaration of Rights. As the Court said in *Hearst Corp. v. St. Dept. of A. & T.*, 269 Md. 625, 644, 308 A.2d 679, 689 (1973), "we have serious doubts that the granting of a manufacturer's exemption to equipment owned by job printers *who use the same materials and in some instances, at least, produce the same product,* while at the same time denying Hearst a manufacturer's exemption, can be justified. Admittedly, classifications are permissible, but they must be rational and not arbitrary" (emphasis added). The Court went on to state that it could not "regard as constitutionally tenable an administrative interpretation of the Ordinance which results in the granting of a manufacturer's exemption to job printers who print newspapers for others, and print the advertising supplements which are interleaved in Hearst's newspapers, while denying Hearst the same exemption." 269 Md. at 644, 308 A.2d at 689.

CPI and MCN are entitled to the same manufacturer's exemption from personal property taxes which is granted to other photo-finishers who use the same process but who operate on a larger scale and in a different type of location.

*JUDGMENTS OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY AFFIRMED WITH COSTS.*